Ruffin, J.
 

 The Court is not aware of any principle, on which, after the satisfaction of a judgment for a partnership debt by one of the partners sued, equity ought to extend or preserve the vitality of the legal security, under the guise of an assignment, so as to charge the bail of the other partner. It has been called a strong instance of the application of the principle of substitution to give a surety this right against the bail of the principal; and we think that carries the principle as far as authority or reason will sustain us. But partners are not entitled to the equity accorded to sureties. They are"'not sureties — one for the other ; but each is a principal, de©-' or, and the joint effects the primary fund for the pa|uffent of their joint debts. When that fails, then, each is lial^ljf) Outf of his separate property by force of his legal con tract,> tail d, as a principal debtor. There is nothing in the relation $f áj&redr1’ - itor of a firm towards the different members of it,, which charges the creditor with the duty of protecting one of the members against the other, by preserving or assigning all the securities he may have. The partners all stand alike to the creditor; being all principal debtors, and equally liable for the debt primarily in equity, as well as at law. It is sufficient for the creditor to abstain from concurring in the fraud of one partner on another ; and he is under no obligation to see that the one does not get an advantage over the other, or to aid the one against the dishonesty of the other. In fact, when the debt is paid, the creditor has uothing more to do with it, and the payment becomes, merely, an item of account in the books of the firm, which concerns the partners alone. There is no reason, therefore, why payment of the firm debt by the partners, or one of them, should be considered in equity anything but payment simply ; or why a judgment, for it, should be kept on foot, to enable one of the partners to charge the other; much less to charge the bail of the other. As to the idea, that Odenheimer has an interest, that his partner should
 
 *408
 
 be brought back to this State, which can be done only through the bail, there are several answers: In the first place, the bail is under no obligation to him to perform that service. His contract is with the creditor alone, and for the creditor’s benefit, and the creditor is not charged with any duty to the respective partners, as wo have seen, which would entitle either of them to call for an assignment. In the next place, after the payment of a judgment in fact, by the principal debtor, or one of them, the authority of the bail of another party to the judgment, also a principal, to arrest his principal for the purpose of a surrender, would at least, apparently, be gone at law.
 

 Upon the whole, the Court is of opinion, clearly, that the doctrine of subrogation cannot be applied between partners and joint principals, so as, after payment to the creditor, to affect the bail of one of them for the benefit of the other. It is against conscience to enforce the judgment for that purpose. The interlocutory order was, therefore, erroneous, and the injunction ought to have been continued; which will be certified to the Court of Equity.
 

 Per Curiam, Decree accordingly.