# PRESLAR *vs.* STALLWORTH.

[ACTION FOR CONTRIBUTION BETWEEN SURETIES.]

1. *Admissibility of record as evidence.*—In an action for contribution be-
tween sureties, the record of the judgment recovered by the common
creditor against the principal debtor and the plaintiff, to which the de-
fendant was no party, is admissible evidence for the plaintiff, to prove
that such a judgment was rendered, and by way of inducement to
the evidence that he had paid the debt on which it was founded.

2. *Conclusiveness of judicial decision.*—A decision of the supreme court is
the law of the case in which it was pronounced, and the principles
settled by it cannot be re-examined on a second appeal.

3. *Statute of limitations between sureties.*—The statute of limitations does
not begin to run between co-sureties, until one of them has paid more
than his share of the common debt; hence, it is no defense to an action
for contribution, that the statute of limitations had barred a recovery
on the original debt before the commencement of the action, and that
the defendant had never been sued on that debt.

4. *Satisfaction and assignment of judgment.*—If a surety pays a judgment
against himself and his principal, and takes an assignment of it
to himself, the judgment is extinguished, and he cannot, at law,
be subrogated to the rights of the plaintiff as against a co-surety.

5. *Objection to competency of witness, when and how raised.*—A general ob-
jection to a deposition, no specific cause being stated, does not raise
the question of the competency of the witness to testify; and that
question cannot be raised, for the first time, in the appellate court.

6. *Predicate for introduction of secondary evidence of note.*—A promissory
note, on which a judgment was recovered, having been filed in the
clerk's office, with the other papers in the cause, the testimony of the
clerk, to the effect that "said note is not now on file in his office with
the other papers in the cause, and he does not know what has become
of it," is not sufficient proof of its loss to admit secondary evidence
of its contents.

APPEAL from the Circuit Court of Choctaw.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by William M. Stallworth,
against Holden Preslar, to recover one half of the amount
which the plaintiff had paid, as the surety of Thomas R.
Watts, on a judgment which Halsey, Utter & Co. had re-
covered against him and said Watts jointly; and was com-
menced on the 30th June, 1856. The case was before this

court, on appeal, at its June term, 1859, when the judgment of the circuit court was reversed, and the cause remanded. See 34 Ala. 505. The pleadings in the cause are stated at length in the former report; the pleadings on the second trial are not shown by the present record.

The judgment in favor of Halsey, Utter & Co. against Watts and Stallworth, was rendered in the county court of Monroe, at its January term, 1842, and was founded on a promissory note, executed by said Watts, jointly with said Stallworth and Preslar, (who were his sureties,) dated the 11th July, 1837, and payable on the 1st March next after date ; and the action was discontinued as to Preslar, who was not served with process. On the 4th April, 1854, Halsey, Utter & Co. assigned said judgment to one A. J. Robertson; and on the 21st April, 1854, in consideration of the payment of one thousand dollars by plaintiff, Robertson transferred and assigned it to him. This action was brought to recover one half of the amount so paid by plaintiff.

On the trial, as the bill of exception shows, the plaintiff read in evidence the depositions of A. B. Cooper and John Deloach, for the purpose of laying a predicate for the introduction of secondary evidence of the note, on which the judgment in favor of Halsey, Utter & Co. was founded. Cooper was the attorney of Halsey, Utter & Co. in that suit, and testified, "that said note was had and used on the trial, and was filed with the papers in said cause." Deloach was the clerk of the circuit court of Monroe, having the custody of the records of the old county court, and testified, "that said note is not now on file in his office, and he does not know what has become of it." On this testimony, the circuit court admitted secondary evidence of said note, and the defendant excepted. The circuit court also permitted the plaintiff to read in evidence, against the defendant's objections, a transcript of the record in the case of Halsey, Utter & Co. against Watts and Stallworth, and the depositions of Joseph A. Halsey, Charles M. King, and A. J. Robertson; to the admission

of which evidence the defendant reserved several exceptions. Halsey and King were partners in the firm of Halsey, Utter & Co., and Robertson was the person who assigned the judgment to plaintiff. All these objections were general, and specified no particular cause for the rejection of the evidence.

"The court charged the jury, that if they believed, from the evidence, that plaintiff and defendant signed said note as sureties for Watts, and that judgment was thereon rendered against Watts and the plaintiff, and that afterwards, Watts being dead and insolvent, plaintiff paid and satisfied said judgment, so as to discharge defendant from liability,— his right of action against defendant for contribution accrued at the time of such payment, although the defendant had never been sued on the note; and that the statute of limitations could not avail the defendant, unless more than six years had elapsed since the payment of said judgment by plaintiff.

" The defendant excepted to this charge, and requested the court to instruct the jury—1st, that if the defendant signed said note, and had never been sued, he could set up in this action any valid defense which he could make if he had been sued by Halsey, Utter & Co., the payees in said note ; 2d, that if more than six years had elapsed since the maturity of said note, the statute of limitations was a good defense against the note, and, therefore, a good defense against this action ; 3d, that if Halsey, Utter & Co. assigned said judgment to A. J. Robertson, and Robertson assigned it to the plaintiff, such assignments would subrogate the plaintiff to the rights of Halsey, Utter & Co. under it, and he could not recover for contribution—that he had the same right of action against the defendant, under said assignments, that Halsey, Utter & Co. would have had to sue on the note. The court refused each one of these charges, and the defendant excepted to their refusal."

The rulings of the court on the evidence, the charge given, and the refusal of the charges asked, are now assigned as error.

Preslar v. Stallworth.

GEO. F. SMITH, for appellant.

R. W. WALKER, J.—1. The record of the judgment in favor of Halsey, Utter & Co. against the plaintiff, was clearly admissible, to prove that such a judgment was rendered, and by way of inducement to the evidence that the debt on which it was founded, and for which the defendant was bound as co-surety with the plaintiff, had been paid by the latter.—*Harrell v. Whitman*, 20 Ala. 519 ; *Troy v. Smith*, 33 Ala. 471 ; *Firemen's Ins. Co. v. McMillan*, 29 Ala. 147.

2. The charge which the court gave the jury, is in strict accordance with the opinion pronounced when the case was had before them ; and the principles then settled cannot now be re-examined.—*Stallworth v. Preslar*, 34 Ala. 505, and authorities cited.

3. As between sureties, the statute of limitations does not begin to run, until there is a right of action ; and that does not accrue, until one of them has paid the whole, or more than his share, of the common debt.   Hence, the discharge of one of the joint debtors, (by whatever cause,) from his direct liability to the creditor, does not relieve him, in law, from his obligation of contribution to such of his co-sureties as have borne more than their just proportion of the debt.—*Stallworth v. Preslar, supra;* 1 Parsons on Contr. 36 ; *Peaslee v. Breed*, 10 N. H. 489.   The first and second charges asked by the defendant, were, therefore, properly refused.

4. Nor did the court err in refusing to give the last charge asked by defendant.   At law, it is well settled, that the payment of a judgment by, or its assignment to one of several defendants, extinguishes the judgment, although the defendant by whom it is paid, or to whom it is assigned, is a mere surety.   A court of law cannot substitute such surety in the place of the plaintiff, and allow him to take out execution upon the judgment.   The judgment is regarded as extinguished against all.—*Bank of Salina v. Abbott*, 3 Denio, 189 ; *Hogan v. Reynolds*, 21 Ala. 56 ; *Lyon v. Bolling*, 9 Ala. 466.

5. If it were conceded, that the witnesses, Halsey, King, and Robertson, were incompetent by reason of interest, or under section 2290 of the Code, the objection could not now avail the defendant. The objection in the court below was a general objection to the entire deposition of each witness,—no specific cause being stated. Such an objection, if available for any purpose, does not raise the question of the competency of the witness to testify in the cause (*Goldsmith v. Picard*, 27 Ala. 142, 152 ; *Phillips v. Kelly*, 29 Ala. 632 ; *Cunningham v. Cochran*, 18 Ala. 480) ; and that question cannot be raised, for the first time, in the appellate court. As to whether the assignor of a judgment is the transferror of a contract within the meaning of section 2290 of the Code, see *Smith v. Harrison*, 33 Ala. 209.

6. We think, however, that the court erred in permitting the parol evidence of the existence and contents of the note to go to the jury. The only proof of the loss of the note consists of the evidence of Cooper and DeLoach. The former was the attorney who attended to the suit in favor of Halsey, Utter & Co. against the plaintiff and Watts. He proves, that the original note was had and used on the trial of that case, and was filed with the papers. DeLoach is the clerk of the court in which the trial was had ; and he simply states, that the note is not now on file in his office with the other papers in the case, and that he does not know what has become of it. The general statement by an officer into whose custody a particular paper is traced, that the document is not now in his office with the other papers of the case, and that he does not know what has become of it, is too indefinite to satisfy the rule in relation to the admission of secondary evidence. There should have been some more direct evidence of a *search* of the file for the note.—*Millard v. Hall*, 24 Ala. 209 ; *Johnson v. Powell*, 30 Ala. 113 ; Starkie's Ev. (Sharswood's ed.) 531–8 ; 3 Phill. Ev. (C. & H's notes, 2 ed.) 1223–1231 ; 1 Greenl. Ev. § 558.

Judgment reversed, and cause remanded.