Myers and Another *v.* Cochran and Another.

SHERIFF'S SALE.—INNOCENT PURCHASER.—A judgment had been paid before a sale of lands upon an execution issued thereon, the sheriff being ignorant of such payment. After the payment of the purchase money, but before the execution of the deed, the sheriff becoming apprized of the fact of payment, notified the purchaser thereof, and tendered back the purchase money, but the tender was refused, and the sheriff afterwards executed a deed.

*Held*, that the payment of the judgment terminated the power of the sheriff to sell, and that the purchaser, having notice of the payment of the judgment before the execution of the deed, could not hold as an innocent purchaser.

APPEAL from the *Ripley* Circuit Court.

ELLIOTT, J.—This was a complaint by *George W. Cochran* and *Mary A.*, his wife, against *Myers* and *Hunter*, the appel-

lants, to set aside a sheriff's sale and conveyance of certain real estate, of which *Myers* and *Hunter* were the purchasers. The complaint contained three paragraphs, each alleging a different cause for setting aside the sale and conveyance. Separate demurrers were filed to each paragraph, which were overruled by the court. The appellants thereupon refused to answer over, and there was a decree for the plaintiffs below.

The conclusion reached by us as to the sufficiency of the first paragraph of the complaint renders it unnecessary that we should examine either of the others.

The facts alleged in the first paragraph are, in substance, as follows: That at the *February* term, 1862, of the *Ripley* Circuit Court, one *Francis J. Knowlton* recovered a judgment against said *George W. Cochran* for the sum of $1,255 06, and at the same time obtained a decree against said *George W.* and his wife *Mary A.*, foreclosing a mortgage executed by them on certain lands therein described, to secure the same debt; that afterwards, an order for the sale of the real estate described in the mortgage was duly issued by the clerk of said court and placed in the hands of the sheriff of said county, to be by him executed; that, in obedience thereto, the sheriff levied said order of sale on the lands therein described, and duly advertised the same for sale, at the court house door, on the 4th day of *October*, 1862; but that on the 3d day of the same month— the day before said lands were to be sold—the said *George W. Cochran* paid to *James H. Cravens*, the attorney of said *Knowlton* in said judgment and decree of foreclosure, the amount of said judgment, and at the same time said attorney wrote a letter to said sheriff informing him of said payment, and directed the same to him at *Versailles*, the county seat of said county; that on the next day, the sheriff, not having received said letter, and having no notice of said payment, proceeded to offer said lands for sale, at the time and place stated in said notice, and did then and

there sell the same to said *Myers* and *Hunter* for the sum of three hundred and fifty-five dollars, they being the highest bidders therefor. The purchase money was paid to the sheriff on the day of sale, but he did not make or deliver to the purchasers a deed for the lands until the 6th of *October*, two days after the day of sale. In the meantime, the sheriff received the letter of *Cravens* notifying him of the payment of the judgment before the sale. The sheriff thereupon notified *Myers* and *Hunter* of the fact, and tendered back to them the purchase money paid by them, which they refused to receive, and demanded a deed for the lands, which the sheriff subsequently executed to them.

The payment of the judgment before the sale terminated the power of the sheriff under the execution, or order of sale, and he could not legally sell afterwards. It is true, that no fault is imputable to the sheriff, as he had no notice at the time of the sale that the judgment had been paid, and the order of sale, being valid on its face, was, perhaps, a justification to him, notwithstanding his power under it was terminated by the payment. The appellants could only claim title under the sale, if at all, on the ground that they were *bona fide* purchasers under a legal judgment and execution, without notice of the payment, or, in other words, innocent purchasers for a valuable consideration. But to constitute them such, it is not sufficient that they bid off the land and paid the purchase money before notice of the previous payment of the judgment; they must also have received the sheriff's deed before such notice. In this respect, it cannot be claimed that a purchaser at sheriff's sale occupies a better condition than a purchaser of real estate at private sale. And it is well settled that notice to such a purchaser of an outstanding title in a third person, either legal or equitable, or that his vendor's title is a fraudulent one, at any time before the payment of the purchase money, or the execution of the deed, deprives him of the character of an innocent purchaser and defeats his title.

See *Gallion* v. *McCaslin*, 1 Blackf. 90, and cases there cited. In the case at bar, the complaint shows that the sheriff, after the sale, but before he executed a deed to the appellants, notified them of the fact that the judgment was paid before the sale, and tendered them back the purchase money, which they refused to receive, and insisted on a conveyance. Under these facts, they cannot claim to be innocent purchasers, and the court did right in overruling the demurrer to the first paragraph of the complaint, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*B. K. Elliott* and *J. B. Black,* for appellants.