JONATHAN L. BOOTH, Appellant, *v.* THE FARMERS AND MECHANICS' NATIONAL BANK OF ROCHESTER, Respondent.

Where one member of a co-partnership pays a judgment rendered upon a firm debt against the members of the firm, he cannot keep the judgment alive and enforce it against his co-partners, either in his own name or in that of a third person to whom he may cause it to be assigned; unless, perhaps, under special circumstances disclosing some equity entitling him to hold it as security to the extent of the sum which may be found due to him from his co-partners on an accounting.

*Prima facie*, the judgment is discharged by the payment, and in the absence of proof of such special circumstances it will be held to be satisfied.

A promissory note was executed by three of four members of a firm, and indorsed by the fourth, for the purpose of raising money for the firm business; it was discounted by defendant and its proceeds were so used.

An action was brought thereon against the makers and indorser, judgment was perfected against the makers and subsequently a separate judgment was entered against F., the indorser. F. procured the judgment to be assigned to plaintiff, who had notice of the character of the judgment. Plaintiff paid nothing to defendant for the assignment, but transferred to F. an interest in certain real estate. F., at or subsequent to the time of the assignment, paid to defendant the amount of the judgment. The assignment provided that it should not affect F.'s liability to defendant. Defendant subsequently executed a satisfaction of the judgment which was discharged of record. In an action to recover damages, *held*, that the payment by F. had the same effect as if there had been but one joint judgment against all the partners, and inured to the benefit of all; that if the payment was made after the assignment, it none the less operated to discharge the judgment, and the receipt of it by defendant not being in violation of its contract did not render it liable to plaintiff; nor did the giving of the satisfaction-piece, as he could not have enforced the judgment against any of the partners, at least in the absence of evidence of an indebtedness from them to F. on the partnership accounts.

(Argued April 12, 1878; decided September 17, 1878.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 11 Hun, 258; reported on a former trial, 50 N. Y., 396.)

The action was brought to recover for an alleged wrongful discharge by the Farmers and Mechanics' Bank of Rochester (a State institution, of which this defendant is the successor), of a judgment in favor of the bank, after the judgment had been assigned to the present plaintiff.

Upon the trial, the following facts appeared: On the 1st of September, 1860, Archibald H. McLean, Hector McLean and Theodore S. Goddard made their promissory note, dated that day, to the order of Charles L. Flint, for $3,400 and interest, payable in sixty days, at the Farmers and Mechanics' Bank. At that time, the three makers and the indorser were engaged as partners in a venture for the purchase and sale of barley. The note was made and indorsed for the purpose of raising money to buy barley.

In this enterprise all four of the parties to the note were equally interested. Flint procured the note to be discounted by the Farmers and Mechanics' Bank; received the money upon it himself; invested the proceeds in barley for the joint account; sold the barley and received the avails of it. In December, 1860, the bank brought suit upon the note against the four parties together. Judgment was taken by default December 29, 1860, against the McLeans and Goddard, upon whom alone the summons had been served, for the amount of the note, interest and costs. On the 22d of February, 1861, a separate judgment was taken by default in the same action against Flint, upon whom the summons had been served in January. On the fourteenth of December following, the bank, at the instance of Flint, and in pursuance of an arrangement between him and plaintiff, executed under its seal and the hand of Jacob Gould, its president, an assignment of the first judgment to this plaintiff, Booth. The assignment transfers to plaintiff the interest of the bank in the judgment, " always saving and reserving and providing that the said assignee shall not have, nor shall this assignment transfer to him, any rights or claim against Charles L. Flint, who was an indorser on the note on which this judgment was obtained, nor affect his liability to said bank."

Flint paid the debt represented by the judgment to the bank, whether at the time of the assignment or subsequently the evidence left in doubt. Plaintiff had no transaction with the bank in regard to the assignment, but released to Flint, in consideration for it, his interest in some western land which they had previously owned in common; he knew at the time of taking the assignment of the relation of the judgment-debtors to each other and the character of the debt. Hector McLean died in 1869, having been wholly insolvent ever since the judgment. On April 11, 1864, Jacob Gould, president of the bank, executed satisfaction pieces of the two judgments; and on the following day they were filed and the judgments satisfied of record. In 1866, Goddard received a conveyance of a piece of land of

the value of $400. This he soon after deeded to another who had no knowledge of the facts in relation to the discharge of the judgments. The court directed a verdict for the value of the piece of land so conveyed by Goddard, to which the defendant's counsel duly excepted.

*W. F. Cogswell*, for appellant. One of several joint judgment debtors who has paid for the whole judgment may keep it alive for the purpose of collecting the proportion due him by having it assigned to a stranger. (*Hodges* v. *Armstrong*, 3 Dev. [N. C.], 253; *Sherwood* v. *Collier*, id., 380; *Bishop* v. *Church*, 2 Ves., 100, 371.) If the payment by Flint had been made before the assignment the defendant would be liable upon its warranty of the title of the judgment it assigned. (*Ledurck* v. *McKin*, 53 N. Y., 307; *Herrick* v. *Whitney*, 15 Johns., 240; *Ketchum* v. *Stevens*, 19 N. Y., 499; *Murray* v. *Judah*, 6 Cowen, 484; *Sherman* v. *Johnson*, 56 Barb., 39; *Thrall* v. *Newall*, 19 Vt., 202.)

*Theodore Bacon*, for respondent. This action at law cannot be maintained against a national bank for the tort of the State bank which preceded it. (National Banking Act, Laws 1865, chap. 97; 6 Edm. Stat., 442, § 2.) The complaint should have been dismissed, because all the defendants in the judgments were partners, and payment by one satisfied the judgments. (*Harbeck* v. *Vanderbilt*, 20 N. Y., 395, 397, 398; *Hammatt* v. *Wyman*, 9 Mass., 138–142; *Kellogg* v. *Ames*, 41 Barb., 218, 223; *Champney* v. *Coope*, 32 N. Y., 543, 550, 551; S. C., 34 Barb., 539, 544, 546; *Eno* v. *Cooke*, 10 N. Y., 60; *Lancey* v. *Clark*, 64 id., 209; *Swan* v. *Saddlemire*, 8 Wend., 676, 681; *Carpenter* v. *Stilwell*, 1 Kern., 61; *Craft* v. *Merrill*, 14 N. Y., 456; *Laval* v. *Rowley*, 17 Ind., 36; 2 R. S., 362, § 25; *Briggs* v. *Thompson*, 20 Johns., 294.)

RAPALLO, J. The note upon which the judgment in controversy was recovered was in fact a joint obligation of the McLeans, Goddard and Flint, as between themselves, though

in form Flint was indorser and the others were makers. It was made and indorsed for the purpose of raising money to be employed in the partnership business of the makers and indorser, and the proceeds of its discount were so used. The judgment was against the makers only, a separate judgment having been afterwards entered up against the indorser, but a payment in full by either of the co-partners had the same effect upon these judgments, as between the parties, as if the debt had been embraced in one joint judgment against all the debtors. It is within the principle of the rule referred to by SELDEN, J., in *Harbeck* v. *Vanderbilt* (20 N. Y., 395). Where one of several joint debtors pays the debt, his remedy against the others is confined to a claim for contribution, and where, as in the present case, the debt arises out of a partnership transaction, the amount, if any, to which the party paying is entitled as against the others necessarily depends upon the state of the partnership account. He cannot keep the paid claim, or any judgment thereon, alive and enforce it against the others, either in his own name or in that of any third party to whom he may cause it to be assigned, unless perhaps under special circumstances to the extent of the sum which may be found due to him from his co-partners on an accounting with them. *Prima facie*, at least, the debt and all judgments recovered thereon against the co-partners are discharged by the payment of the debt by one of them.

The payment of the debt by Flint to the bank therefore enured to the benefit of his co-partners and satisfied the judgment against them, so that neither he, nor any party to whom he caused it to be assigned in consideration of such payment, could enforce it, at least without showing some equity entitling him to hold it as security for the sum due Flint for contribution, and in that event it could be enforced only to the extent of the sum shown to be thus due.

The plaintiff in the present case did not pay anything to the bank for the judgment. The only consideration received by it was the payment by Flint, and the assignment was by

him procured to be made to the plaintiff. The only consideration given by the plaintiff passed from him to Flint, and he took no greater rights than Flint had the power to transfer to him. He also had notice of the character of the debt for which the judgment was recovered. If the whole debt was paid by Flint to the bank after the assignment, as is claimed by the plaintiff in this action, such payment none the less operated to discharge Goddard, and the receipt of it by the bank was no violation of its contract and did not render it liable to the plaintiff, for by the terms of the assignment the bank remained at liberty to collect from Flint, his liability to the bank being expressly reserved. The plaintiff accepted the assignment subject to this condition, and therefore if the joint debt was collected by the bank out of Flint the plaintiff has no cause of complaint against it. The giving of the satisfaction piece by the bank caused no damage to the plaintiff, as he could not, after the payment by Flint, have enforced the judgment against the property of either of the other debtors, at least unless there was some amount due from them to Flint on the partnership accounts, and of this there was no proof or even allegation. For all that appears the amount paid by Flint to the bank may have been no more than his just proportion of the partnership debts.

The order of the General Term should be affirmed and judgment absolute, etc.

All concur, except Miller and Earl, JJ., absent.

Order affirmed and judgment accordingly.