Shields *et al.* *v.* Moore *et al.*

No. 8985.

SHIELDS ET AL. *v.* MOORE ET AL.

SATISFACTION OF JUDGMENT.—*Injunction.*—*Proper Parties.*—In a suit against the assignee of a judgment to obtain the satisfaction thereof and to enjoin an execution issued thereon and in the hands of the sheriff, the assignor of the judgment and the sheriff are proper parties defendants, although it is immaterial whether the complaint does or does not state a cause of action against them.

SAME.—*Payment.*—*Notes Payable in Bank in this State.*—Where the judgment plaintiff accepts from a judgment defendant his promissory notes, with satisfactory personal security, payable in a bank in this State, in payment of the balance due on the judgment, such judgment is thereby satisfied and becomes *functus officio,* and an assignment of the judgment made afterwards is a vain and idle act, and passes nothing to the assignee.

PRACTICE.— *Weight of Evidence.*—*Supreme Court.*—Where the evidence in the record tends to sustain the finding of the trial court, the judgment will not be reversed by the Supreme Court on the weight of the evidence.

PRINCIPAL AND SURETY.— *Joint Judgment.*— *Payment by Surety.*—Where there is a joint judgment, unless the relation of principal and surety has been judicially ascertained and declared, the surety can not claim, under section 1214, R. S. 1881, that the judgment is not discharged by his payment thereof, or that it remains in force for his benefit as against the principal therein.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Emerson,* for appellants.

*W. K. Marshall* and *J. B. Brown,* for appellees.

HOWK, J.—In this case the appellees, Robert Moore, Frank Moore, Edwin Moore and Nellie Moore, the minor heirs of Malinda Moore, deceased, by Frank P. Smith, their guardian, and Thomas L. Ewing, the plaintiffs below, alleged, in substance, in their complaint, that, on the 24th day of May, 1872, the appellant James H. Green recovered a judgment against the appellee Thomas L. Ewing, and the appellant Lycurgus L. Shields, for the sum of $6,831.66, and costs of suit taxed at $———, in the court of common pleas of Jackson county, Indiana, in a certain suit then and there pending, wherein the appellant Green was plaintiff, and the appellee Ewing

and his wife, Harriet, and appellant Lycurgus L. Shields were defendants; that in the said suit the said Green also recovered judgment against said Ewing and wife for the foreclosure of a mortgage given to secure the payment of the judgment debt; that there had been paid on the principal of said judgment, by the sheriff's sale of the mortgaged property, and other property of the said Thomas L. Ewing, sums of money amounting in the aggregate to the sum of $3,562.50, which payments were endorsed on the record of said judgment, and afterwards the said Lycurgus L. Shields paid the balance in full of said judgment; that, instead of having the judgment receipted in full after it had been so paid in full, said Lycurgus L. Shields procured the said Green to assign the same to the appellant Rebecca J. Shields, on the entry thereof in the order-book of said court, and tested by the clerk thereof; that the said Rebecca J. was then and since the wife of said Lycurgus L. Shields, and did not, directly or indirectly, pay any part of said judgment, or any consideration for the assignment thereof to her by said James H. Green; that she then had no separate property or money of her own; that she was not present when the assignment was so made to her, and had no knowledge, information or expectation that the judgment was to be assigned to her, until long after it had been so assigned to her; that the said Lycurgus paid the said James H. Green the balance in full of said judgment by giving his own notes, with personal security, to said Green, for the balance due on said judgment, and for other amounts then owing by said Lycurgus to said Green, which said notes the said Green accepted as payment in full of the balance then remaining due on said judgment.

The appellees further said that, at the date of the rendition of said judgment, the said Thomas L. Ewing owned in fee simple certain real estate, particularly described, in the city of Seymour, in said county; that the said Thomas L. Ewing and Harriet, his wife, on December 2d, 1872, conveyed a certain part of said real estate, and, on October 2d,

1873, conveyed the residue thereof to the said Malinda Moore; that afterwards, in 1878, the said Malinda Moore died intestate, at said county, seized in fee simple of all said real estate; that she left surviving her the appellees Robert, Edwin, Frank and Nellie Moore, her only children and heirs at law, to whom the said real estate descended, and they then owned the same in fee simple, and were minors, and the appellee Frank P. Smith was their guardian; and that said Malinda Moore's husband died before she did; that the appellee Thomas L. Ewing, at the date of the rendition of said judgment, was and since had been the owner in fee simple of certain other real estate, particularly described, in said Jackson county; that the said Rebecca J. Shields then claimed that the said balance of said judgment so assigned to her was still due, owing and unpaid, and was a lien on all the said real estate, and that she had the right to collect such balance out of any property then owned by said Thomas L. Ewing, or that was owned by him at or since the date of the rendition of said judgment; that on June 27th, 1878, the said Rebecca J. Shields procured an execution to be issued on said judgment in the name of said James H. Green, for her use, and placed in the hands of Samuel S. Early, sheriff of said county, for the collection of the balance of said judgment, with interest and costs, out of the property of said Ewing and Lycurgus L. Shields, or either of them; that by virtue of said execution the said sheriff had levied upon all the said real estate for the satisfaction of said execution, and then held said levy in full force; that the said Rebecca J. Shields claimed that she had the right to have said real estate sold at sheriff's sale for the satisfaction of said execution; and that her claim and action were a cloud upon the appellees' title to said real estate, disturbed them in the enjoyment thereof, and hindered them and each of them in the sale of their said real estate. Wherefore the appellees prayed that the said judgment might be declared and adjudged to be sat-

isfied, the cloud thereof removed from their said real estate, their titles thereto quieted, etc.

The appellants jointly answered the complaint, by a general denial thereof. The issues joined were tried by the court, and a finding was made for the appellees; and over the appellants' motions for a new trial, and their exceptions saved, judgment was rendered for the appellees, as prayed for in their complaint.

In this court, the appellants have jointly assigned, as errors, the following decisions of the circuit court:

1. In overruling the separate motion of Rebecca J. Shields for a new trial; and,

2. In overruling the joint motion of Lycurgus L. and Rebecca J. Shields for a new trial.

The appellants James H. Green and Samuel S. Early have assigned the following error: That the complaint does not state facts sufficient to constitute a cause of action against them, or either of them.

In regard to the latter assignment of error, it seems to us that both James H. Green and Samuel S. Early were properly made defendants to this suit. The execution, mentioned in the complaint, was issued in the name of Green, as the alleged assignor of the judgment, for the use of Mrs. Rebecca J. Shields. Green was primarily liable for the costs made on this execution, and, therefore, he was a proper defendant to the action. Early was the sheriff of the county, to whom the execution was issued. Both Early and Green were properly made defendants to the suit, so that they and each of them might defend the suit, if either of them claimed an interest in the subject of the action adverse to the appellees. No special relief was demanded against either of them, and, therefore, it is immaterial whether the complaint did or did not state a cause of action against either of them. For, even if the complaint did not state a cause of action against Green and Early, or either of them, such fact would afford no ground whatever for the reversal of the judgment below, in

favor of the appellees and against the appellants Lycurgus L. and Rebecca J. Shields.

In the separate motion of said Rebecca J. Shields, and in the joint motion of said Lycurgus L. and Rebecca J. Shields, for a new trial of this action, the causes assigned therefor were that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

The question tried below, and the question for decision in this court, it seems to us, is this: Did Lycurgus L. Shields pay the balance of the judgment against himself and Thomas L. Ewing to the judgment plaintiff, James H. Green? or, did he purchase the balance of the judgment and procure the same to be assigned to his wife Rebecca J. Shields in such manner as that she might lawfully enforce its collection by execution from her husband and said Ewing, or either of them?

The following facts seem to us to be clearly established by the evidence, namely: 1. The balance due on the judgment described in appellees' complaint was fully paid to the judgment plaintiff, James H. Green. 2. Such payment was made by Lycurgus L. Shields on the 17th day of February, 1874, by his promissory notes of that date, with satisfactory personal securities, negotiable and payable at the First National Bank of Seymour, in this State. 3. Nothing whatever was paid by Mrs. Rebecca J. Shields on said judgment or on account of the assignment thereof to her. 4. On the 27th day of April, 1874, the judgment plaintiff, James H. Green, assigned said judgment to Rebecca J. Shields, "without recourse in law or equity." It does not appear from the evidence that this assignment of the judgment was made pursuant to or in accordance with any contract or agreement to that end entered into between the judgment plaintiff, Green, and the judgment defendant, Lycurgus L. Shields, at the time the latter paid off and discharged the balance due on said judgment. It would seem, therefore, that upon such payment being made on the 17th day of February, 1874, the judgment was fully satisfied and became *functus officio*. The assignment

of the judgment, made more than two months after it was satisfied, was a vain and idle act, and passed nothing to Mrs. Rebecca J. Shields, because the assignor, Green, had then no title to nor interest in the judgment in question which he could assign or transfer to any one.

We are of the opinion, from the evidence appearing in the record, that the court was authorized thereby to find, as it manifestly did, that Lycurgus L. Shields fully paid and satisfied the balance of the judgment against himself and Ewing on the 17th day of February, 1874. At least there is an abundance of evidence in the record tending to sustain the finding of the court, and in such a case it is well settled by the decisions of this court that the judgment will not be reversed on the weight of the evidence. *Swales* v. *Southard,* 64 Ind. 557; *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Hyatt* v. *Mattingly,* 68 Ind. 271.

The judgment in favor of Green, and against Shields and Ewing, did not show or determine that Ewing was the principal and Shields was his surety in the judgment debt; nor was it shown that the relation of principal and surety between the judgment defendants had ever been judicially ascertained and determined on a complaint for that purpose. It is clear, therefore, that the case was not within the provisions of section 676 of the civil code of 1852 (section 1214, R. S. 1881), and that, although Shields may have been the surety in fact of Ewing in the judgment debt, yet he can not claim, under the statute, that the judgment was not discharged by his payment thereof, or that it remained in force for his benefit as against the said Ewing.

Our conclusion is, that the court committed no error in overruling the motions for a new trial.

The judgment is affirmed, with costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the November term, 1882.