Dunn *et al.* *v.* Dunn *et al.*

---

DUNN ET AL. *v.* DUNN ET AL.

[No. 18,281.    Filed February 4, 1898.]

APPEAL AND ERROR.—*Record.*—No question is presented on appeal on
an assignment of error to the ruling of the court on a demurrer to
the amended complaint, where neither the amended complaint nor
the demurrer is set forth in the record.  *p. 425.*

SAME.—*Assignments of Error.—Failure to Argue.—Waiver.*—Assign-
ments of error are waived by failure to argue same.  *p. 425.*

EVIDENCE.—*Objection to Admission.—When Evidence not in Record.
—Bill of Exceptions.*—A specification of error based upon the ad-
mission of evidence contrary to the provisions of section 507, Burns'

R. S. 1894 (499, R. S. 1881), in the trial of an action by heirs affecting title to the ancestor's property, presents no question, where neither the complaint nor the evidence is in the record, and no statement is made in the bill of exceptions as a ground for objection that the action was of the character contemplated by said statute. *pp. 425, 426.*

From the Newton Circuit Court. *Affirmed.*

*Daniel Fraser* and *Will Isham,* for appellants.

*Cummings & Darroch,* for appellees.

MONKS, J.—Appellees brought this action, and obtained judgment against appellants. The errors assigned by appellants, and not waived, are: First, that the court erred in overruling appellants' demurrer to each paragraph of the amended complaint; second, that the court erred in overruling appellant's motion for a new trial.

The first assignment of error presents no question, for the reason that no amended complaint is set forth in the record. The presumption is that the ruling of the trial court was correct, and, unless both the amended complaint and the demurrer thereto are set forth in the record, the court cannot say that reversible error was committed. *Aydelott* v. *Collings,* 144 Ind. 602; Elliott's App. Proc., section 720.

All the specifications for a new trial are waived by appellant's failure to argue the same, except one. That specification is that the court erred in permitting two incompetent witnesses, appellees George Dunn and Alice Baldwin, to testify on behalf of appellees. The bill of exceptions shows that the objection stated to the trial court was: "First, That said witnesses were incompetent because the action was to reach and affect the title to real estate of which the said Sarah Dunn died seized, leaving the plaintiff George Dunn, said witness, and her husband, surviving, and said plaintiff, the said witness Olive Baldwin, with the

defendant James T. Dunn, and others, her children, and that each of said witnesses, was incompetent to testify against the defendant James Dunn as to matters and things occurring during the lifetime of said Sarah Dunn, because it was an action between heirs to reach and affect the property of the decedent from whom the parties claimed; which objection the court overruled, to which appellants excepted, and said witnesses were permitted to testify." Section 507, Burns' R. S. 1894 (499, R. S. 1881), provides that "in all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title or possession of property, real or personal, of, or in the right of, such ancestor, or to affect the same in any way, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

The evidence given at the trial of said cause is not in the record, and no facts are stated in the bill of exceptions showing that this action was "founded on a contract with, or a demand against, the ancestor to obtain title to or possesion of property, real or personal, of or in the right of such ancestor, or to affect the same in any manner." Nor in the objection to the competency of said witnesses, set forth in the bill of exceptions, is it stated as a ground for said objection that the action was of the character mentioned in said section 507 (499), *supra.* The amended complaint is not in the record, and as all presumptions are in favor of the ruling of the trial court, and it not being otherwise shown that this action was of the character which rendered said witnesses incompetent, and that this was stated as one of the grounds of objections to the competency of said witnesses, error is not affirmatively disclosed by the record.

Finding no available error in the record, the judgment is affirmed.