Zimmerman v. Gaumer.

ZIMMERMAN v. GAUMER ET AL.

[No. 18,477. Filed May 17, 1899.]

APPEAL AND ERROR.—*Parties.*—Cross-complainants are not necessary parties appellant in a vacation appeal by plaintiff from a judgment against her that she take nothing by her action, and for costs, where the cross-complainants were not parties to such judgment *p. 554.*

SAME.—*New Trial.*—Causes for new trial cannot be reviewed on appeal unless presented in motion for new trial and the ruling on the motion assigned as error. *pp. 554, 555.*

SAME.—*Record.*—The action of the court in sustaining a demurrer to a complaint cannot be reviewed on appeal where the complaint is not in the record. *p. 555.*

SAME.—*Record.—Amended Complaint.—Waiver.*—Exception to ruling of court in sustaining demurrer to complaint is waived by filing amended complaint. *p. 555.*

SAME.—*Record.*—An assignment that the court erred in overruling a demurrer to an answer is not available where the demurrer is not copied in the record. *p. 555.*

VENIRE DE NOVO.—*Failure to Find All the Facts.—New Trial.*—The remedy for failure of the jury to find all the facts is by motion for new trial, and not by motion for *venire de novo. p. 556.*

APPEAL AND ERROR.—*Venire De Novo.—Exception.*—Error in overruling a motion for a *venire de novo* is not available on appeal, where no exception was reserved to such ruling. *p 556.*

JUDGMENTS.—*Payment by One Primarily Liable.—Assignment by Judgment Plaintiff.*—The payment of a judgment by one primarily liable for the payment thereof amounts to an absolute satisfaction of the same, although the judgment is assigned by the judgment plaintiff to the person paying it. *pp. 556, 563.*

SAME.—*Payment by Judgment Defendant.—Assignment.—Principal and Surety.*—When a judgment is paid by one of the judgment defendants and the judgment assigned to him he is not entitled to an execution thereon until it has been judicially determined, either that he was surety on the contract upon which the judgment was rendered, or that he stood in that relation to the judgment when he paid same, or that as between himself and the other judgment defendants, he paid more than his share of the judgment. *pp. 563, 564.*

From the Cass Circuit Court. *Reversed.*

*Frank Swigart*, for appellant.

*John B. Smith, D. D. Dykeman* and *George C. Taber*, for appellees.

MONKS, C. J.—This action was brought by appellant against appellees to set aside a sheriff's sale of real estate on a decree of foreclosure, and the sheriff's deed made thereunder, and to quiet title to the undivided one-fifth of said real estate. The amended complaint, the one upon which the trial was had, was in two paragraphs. The first paragraph set forth the facts concerning the sheriff's sale, and asked that the same be set aside. The second paragraph was in the form provided by statute in actions to quiet title, and asked that the title to said real estate be quieted. Appellees Charles H. and Mary Gaumer filed an answer to said complaint, and also a cross-complaint, in which they alleged that they each owned the undivided one-fifth of said real estate, and sought to set aside said sheriff's sale, and for other proper relief. Appellees Robert G. Pasley and Eliza Pasley his wife filed answers.

The issues joined on the first paragraph of complaint and the cross-complaint were tried by the court, and the second paragraph of the complaint was tried by a jury at the same time. The court, for its information, submitted to the jury the questions of fact arising upon the part of the case tried by the court. At the April term, 1896, of the court below, the jury returned a special verdict under the provisions of section 555 Burns Supp., 1897, Acts 1895, p. 248, as to the issues joined upon the second paragraph of complaint, and also upon the questions of fact submitted to it for the information of the court. A motion for *venire de novo* was filed by appellant at said April term, and overruled by the court. At the September term of said court, the court found for appellee Robert G. Pasley upon the issues joined upon the first paragraph of complaint and the cross-complaint, and over a motion by appellant for a judgment in her favor on the special verdict sustained the motion of said Pasley for a judgment in

his favor, and rendered a judgment in favor of said Pasley on the issues joined on the first and second paragraphs of the complaint against appellant, and for costs, and, in favor of said Pasley against appellees Mary E. Gaumer and Charles E. Gaumer on the issues joined on the cross-complaint, and for costs. Afterwards appellees Charles E. and Mary E. Gaumer and Milton H. Gaumer filed separate motions for a new trial, which were overruled.

Appellee Robert G. Pasley has filed a motion to dismiss the appeal, on the ground that this is a vacation appeal, and all the co-parties to the judgment below have not been made parties appellant in this court.

As heretofore stated, there was a judgment rendered in favor of Pasley against appellant that she take nothing by her complaint, and that he recover of her his costs. The cross-complainants were not parties to the judgment against appellant. There was also a judgment that the cross-complainants take nothing, and that appellee Pasley recover of them his costs. Appellant was not a party to this judgment against the cross-complainants. The cross-complainants were not, therefore, joint judgment defendants with appellant, and she was not required, in a vacation appeal, to make them co-appellants, (*Lowe* v. *Turpie*, 147 Ind. 652, 692, 37 L. R. A. 245), although it may have been proper for her to do so. The motion to dismiss the appeal is therefore overruled.

Appellees Charles E. Gaumer, Mary E. Gaumer and Milton H. Gaumer assign cross-errors against their co-appellees.

Eighteen errors are assigned by appellant, the fifth, sixth, seventh, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth of which assigns as errors that the court erred in sustaining motions to suppress parts of depositions; in sustaining the motion to submit the issues joined upon the first paragraph of the amended complaint to the court without the intervention of a jury, thereby denying appellant a trial by jury as to said paragraph; in sustaining the motion

of Robert G. Pasley to require the jury to return a special verdict under the act of 1895; and in admitting and excluding evidence. These are all causes for a new trial, and must be assigned in the motion as causes therefor, and, if such motion for a new trial is overruled, are presented in this court by an assignment of error that the court erred in overruling the motion for a new trial. *Ohio, etc., R. Co.* v. *Judy,* 120 Ind. 397, 398, and cases cited; *Huffmond* v. *Bence,* 128 Ind. 131, 137; *Childers* v. *First. Nat. Bank, etc.,* 147 Ind. 430, 436; *LaFollette* v. *Higgins,* 109 Ind. 241, 243; American Digest, Vol. 3, section 3024, Column 856. The assignments of error therefore present no question for review in this court.

The court sustained the separate demurrers of Robert G. Pasley and Eliza J. Pasley to the complaint, and these rulings are assigned as the first and second errors. They are not available, however, for the reason that the complaint to which said demurrers were addressed was not copied into the transcript; and for the further reason that, even if the complaint had been copied into the transcript, the error, if any, in sustaining said demurrer, was waived by appellant when she filed an amended complaint which took from the record the complaint, the pleading to which the demurrers were addressed. *State* v. *Jackson,* 142 Ind. 259, and cases cited; *Gowen* v. *Gilson,* 142 Ind. 328, and cases cited; *Hedrick* v. *Whitehorn,* 145 Ind. 642, 644, and authorities cited; *Aydelott* v. *Collings,* 144 Ind. 602, 603, and cases cited.

Overruling a motion to strike out a part or parts of a pleading is not available error; therefore the third error assigned presents no question. *Pfau* v. *State,* 148 Ind. 539, 542, 543; *Petree* v. *Brotherton,* 133 Ind. 692, 695.

The fourth error assigned is that "the court erred in overruling appellant's demurrer to the second paragraph of Robert G. Pasley's answer." This demurrer, however, has not been copied into the record, but instead is the following, "Not on file." In such case, even if the pleading is bad for

any cause, the presumption is that the ground of objection stated in the demurrer did not reach the defect, if any, in the pleading, and was properly overruled for that reason, or that the same was so defectively stated as to present no question. *Dunn* v. *Dunn*, 149 Ind. 424, 425; *Head* v. *Doehleman*, 148 Ind. 145, 146; *Aydelott* v. *Collings*, 144 Ind. 602, 604; *State* v. *Fitch*, 113 Ind. 478, 480; *Shackman* v. *Little*, 87 Ind. 181, 182; *Long* v. *Town of Brookston*, 79 Ind. 183; *Jessup* v. *Trout*, 77 Ind. 194, 195; *Hammon* v. *Sexton*, 69 Ind. 37, 41, 42; *Crowell* v. *City of Peru*, 41 Ind. 308, 309; *Comer* v. *Himes*, 49 Ind. 482, 487, 488; Elliott's App. Proc. sections 710, 720. This does not seem to be the rule under some circumstances, when the demurrer is sustained. *State* v. *Fitch*, *supra*.

Overruling appellants motion for a *venire de novo* is the eleventh error assigned. The motion for a *venire de novo* was in writing, and specified as a ground therefor, "that the jury have not found all the facts in the cause." It is settled in this State that a failure of a jury or a court to find all the facts is not a ground for a *venire de novo*. If the facts, within the issue established by the evidence, are not all found, or, if found, are contrary to the evidence, or not sustained by it, the remedy is a motion for a new trial, and not a motion for a *venire de novo*. *Jones* v. *Casler*, 139 Ind. 382, 388, and cases cited; *Hoosier Stone Co* v. *McCain*, 133 Ind. 231, 234; *Branson* v. *Studabaker*, 133 Ind. 147, 161, 163, and authorities cited. Moreover, there was no exception by appellant to the action of the court in overruling said motion. Said ruling, therefore, even if erroneous, is not available. Elliott's App. Proc. sections 293, 624, 783, 788.

The eighth and ninth assignments of error call in question the action of the court in rendering judgment on the special verdict in favor of appellee Robert G. Pasley. The special verdict finds, in substance: That, in 1887, Moses S. Gaumer was the owner of a life estate in eighty acres of real

estate in Cass county, Indiana, and that his children, Eliza
J. Pasley, Charles, Ella, Jeremiah F., and Milton H.
Gaumer, were the owners of said real estate in fee simple, as
tenants in common, subject to said life estate; that said
Moses S. Gaumer borrowed $250 in 1887, to erect a barn on
said real estate, and said Moses S. Gaumer, Robert G. Pas-
ley, Eliza J. Pasley his wife, Jeremiah F. Gaumer, Sarah A.
Gaumer, his wife (now the appellant Zimmerman), Charles
E. Gaumer, and Milton H. Gaumer executed a note for said
money, and a mortgage on said eighty acres of real estate to
secure the same. Ella Gaumer, the owner of the undivided
one-fifth of said real estate, did not join in said note or
mortgage. Said barn was a necessary and permanent im-
provement to said land, and the owners of said real estate who
joined in said mortgage received the consideration therefor.
The mortgage recited that the note was given by Moses S.
Gaumer for the benefit of all the mortgagors. Afterwards,
on July 9, 1890, Moses S. Gaumer as principal, and Milton
H. Gaumer as surety, executed three notes to the J. I. Case
Threshing Machine Company for $1,983.50, and as an addi-
tional security therefor said Moses S. Gaumer and his wife
(he having married) executed a mortgage on said eighty acres
of land, which covered his life estate therein. Said notes not
having been paid, the J. I. Case Threshing Machine Com-
pany recovered a judgment thereon for $866.80 and costs,
February 4, 1892, against Moses S. and Milton H. Gaumer,
and a decree of foreclosure against Moses S. Gaumer and his
then wife. The life estate of said Moses S. Gaumer was sold
on said decree by the sheriff, on March 19, 1892, to the J. I.
Case Threshing Machine Company, the judgment plaintiff in
said action, for $300, and said life estate, not being re-
deemed, was, after the expiration of the year for redemption,
conveyed to said purchaser, who took possession thereof under
said deed. After the execution of said first mortgage to se-
cure said $250 note, said Jeremiah F. Gaumer died, leaving

the appellant as his widow, who inherited the undivided one-third of his undivided one-fifth of said real estate, and she afterwards purchased of the administrator of the estate of her deceased husband the remaining undivided two-thirds of said undivided one-fifth, and received a deed therefor under an order of the court having jurisidiction of said estate, and she thereby became the owner of the undivided one-fifth of said real estate formerly owned by Jeremiah F. Gaumer, her husband.    After said sheriff's sale on March 21, 1892, George W. Funk, the then owner of the note and mortgage first mentioned and first executed on said land, commenced an action thereon in the Cass Circuit Court against Moses S. Gaumer and Hannah, his wife, Eliza J. Pasley and Robert G. Pasley, her husband, Charles E. Gaumer and his wife, Milton H. Gaumer and his wife, Levi Snyder, administrator of the estate of Jeremiah Gaumer, deceased, Sarah A. Gaumer (now the appellant Zimmerman), Charles, Clara, Henry, and Mary Gaumer, children of Jeremiah Gaumer, deceased, and the J. I. Case Threshing Machine Company, and others.    Afterwards, on May 18, 1893, in said action, said Funk recovered a judgment on said note for $340.90 against Moses S. Gaumer, Charles E. Gaumer, Milton H. Gaumer, Eliza J. Pasley, Robert G. Pasley, and Sarah A. Gaumer (now Zimmerman), and a decree of foreclosure against all of said defendants, and, on a cross-complaint filed in said action by the J. I. Case Threshing Machine Company, it was adjudged that said company was the owner of the life estate of said Moses S. Gaumer in said land; and that, if said land was sold on the Funk decree, that the sheriff should first apply the proceeds of the sale to the payment of costs, next to the payment of the Funk judgment, and the remainder, if any, on the debt due the J. I. Case Threshing Machine Company, amounting to $1,078 and interest, not to exceed $1,700, the value of the said life estate.    On August 17, 1893, appellee Robert G. Pasley, the husband of Eliza J. Pasley, and one of the joint

judgment defendants in the judgment and decree of foreclosure rendered in favor of George W. Funk on May 18, 1893, above set out, paid off said judgment and decree of foreclosure in favor of said Funk, and took an assignment thereof to himself, which was written on the margin of the records of the judgment and decree of foreclosure, and was signed by said Funk and duly attested by the clerk of the Cass Circuit Court. Afterwards, on November 5, 1894, the J. I. Case Threshing Machine Company sold and conveyed to said appellee Robert G. Pasley the life estate of Moses S. Gaumer in said land, and on the 28th day of the same month said Threshing Machine Company sold and assigned to said Pasley the decree rendered on its cross-complaint in the Funk foreclosure case aforesaid. Afterwards, in December, 1894, said eighty acres of real estate was sold to appellee Robert G. Pasley for $1,794.28, by the sheriff, on certified copies of said decrees in favor of Funk and in favor of the J. I. Case Threshing Machine Company, which were issued to the sheriff of said county "to the use of Robert G. Pasley, the assignee." The proceeds of the sale, after payment of the costs, were paid to said appellee Robert G. Pasley. On November 28, 1894, appellant and Charles E. Gaumer and Mary E. Gaumer attempted to have a settlement with appellee Robert G. Pasley of the amount due from them on account of his having paid the Funk judgment, and said appellee refused to inform them of the amount, and on said day they tendered him $345.75, as their share of the Funk judgment, which said appellee refused to receive, and they afterwards tendered the same amount to the clerk of the Cass Circuit Court in which said judgment was rendered, who refused the same. The jury also find that appellee Pasley was surety only on the note upon which said Funk judgment was rendered; that all the other makers of the note were principals. The special verdict shows, as do the decrees upon which said land was sold, that no sale could be made of said land except on the judgment and decree in favor of Funk.

The balance of the judgment and decree against Moses F. and Milton H. Gaumer, rendered February 4, 1892, remaining unpaid after the sale of said life estate on said decree, was not a lien on the life estate therein. The threshing machine company received a deed for the life estate at the end of the year, and before the decree in favor of Funk and the decree of the threshing machine company on its cross-complaint were rendered. At the time said decrees were rendered in the spring of 1893, the threshing machine company owned and held said life estate under said deed, and it was so adjudged in said decree. If then the Funk judgment and decree were satisfied, or if the land could not be sold thereon for any reason, the same could not be sold on the decree rendered on the cross-complaint of the threshing machine company. The right of the appellant and the other owners of the fee simple of said land, subject to said life estate, as against appellee Robert G. Pasley, the purchaser at said sale, are governed by the relation of the parties to the Funk judgment and decree, and not by the decree of the threshing machine company on its cross-complaint. It is the legal rule in this State that payment of a judgment by one primarily liable is an absolute satisfaction of the same, even if the judgment is assigned to the person paying it by the judgment plaintiff. *Montgomery* v. *Vickery*, 110 Ind. 211, 212, 213, and cases cited; *Shields* v. *Moore*, 84 Ind. 440; *Klippel* v. *Shields*, 90 Ind. 81, 82; *Myer* v. *Cochran*, 29 Ind. 256; *Laval* v. *Rowley*, 17 Ind. 36. See also *Harbeck* v. *Vanderbilt*, 20 N. Y. 395; *Booth* v. *Farmers' Bank*, 74 N. Y. 228; *Mathews* v. *Lawrence*, 1 Denio (N. Y.) 212; *Hammatt* v. *Wyman*, 9 Mass. 138; *Preslar* v. *Stallworth*, 37 Ala. 402; *Hogan* v. *Reynolds*, 21 Ala. 56, 56 Am. Dec. 236; *Bartlett* v. *McRae*, 4 Ala. 688; *Towe* v. *Felton*, 7 Jones (N. C.) 216; *Hinton* v. *Odenheimer*, 57 N. C. 406. In *Klippel* v. *Shields, supra*, this court at p. 82 said:—"Payment by one primarily liable as a judgment debtor extinguishes the judgment. *Harbeck* v. *Vanderbilt*,

20 N. Y. 395; *Booth* v. *Farmers Bank*, 74 N. Y. 228; *Hammatt* v. *Wyman*, 9 Mass. 138; *Preslar* v. *Stallworth*, 37 Ala. 402; *Towe* v. *Felton*, 7 Jones (N. C.) 216; *Hinton* v. *Odenheimer*, 57 N. C. 406.    There are cases where a different rule applies, as where the person who pays the debt occupies the relation of surety, or some similar relation, but the present case does not belong to that class.    *Spray* v. *Rodman*, 43 Ind. 225.    The fact that the deed was made to the wife of Lycurgus Shields does not affect the operation of the rule. The payment was by him, and this had the effect to completely extinguish the judgment, and no further valid proceedings could be had upon it.    *Myers* v. *Cochran*, 29 Ind. 256; *Shields* v. *Moore*, 84 Ind. 440.    The controlling fact in such a case as this is the payment by one legally bound to pay, and the fact that an assignment is made to him or to some one else is not of controlling importance.    If one whose duty it is to pay the debt makes the payment, then an assignment will not keep the debt alive.    Sheldon on Subr., section 50."    It is provided by section 1226 Burns 1894, section 1212 Horner 1897, that "When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff."    Section 1227 Burns 1894, section 1213 Horner 1897, provides that, "If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution, first, upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall indorse a memorandum of the order on the execution."    Section 1228 Burns 1894, section 1214 Horner 1897, provides, that, "When any defend-

ant surety in a judgment, or special bail or replevin bail, or surety in a delivery bond or replevin bond, or any person being surety in any undertaking whatever, has been or shall be compelled to pay any judgment, or part thereof; or shall make any payment which is applied upon such judgment by reason of such suretyship; * * * the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail, surety, officer, or other person making such payment; and after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use." Section 1229 Burns 1894, section 1215 Horner 1897, provides, that "Any one of several judgment defendants, and any one of several replevin bail, having paid and satisfied the plaintiff, shall have the remedy provided in the last section against the codefendants or cosureties, to collect of them the ratable proportion each is equitably bound to pay." It is the right of a surety, or indorser, or one standing in a like relation, to a principal debtor, independent of any statute, if compelled to pay the debt, to be subrogated to the rights of the creditor, and if the creditor has a judgment, to use the judgment for the purpose of coercing payment by the principal. *Downey* v. *Washburn*, 79 Ind. 242, 246; *Manford* v. *Firth*, 68 Ind. 83; *Thomas* v. *Stewart*, 117 Ind. 50, 53, 1 L. R. A. 715, and cases cited. Where a surety pays a judgment against himself and principal, in which suretyship is not shown, an assignment of the judgment by the judgment creditor to him does not authorize execution to be issued thereon. *Shields* v. *Moore*, 84 Ind. 440, 445; *Klippel* v. *Shields*, 90 Ind. 81, 82; *Knopf* v. *Morel*, 111 Ind. 570, 573; *Thomas* v. *Stewart*, 117 Ind. 50; *Harter* v. *Songer*, 138 Ind. 161, 168, 169. Under sections 1226, 1228 Burns 1894, sections 1212, 1214 Horner 1897, if the person or persons who are sureties pay off a judgment before the question of suretyship is judicially determined, such question may be tried and determined by the court in which the original

judgment was rendered, in a proper proceeding after such payment.    But such action to try the question of suretyship, if brought after the payment of the judgment, is barred by the six years statute of limitations, which begins to run from the date of such payment, if the same is pleaded. *Frank* v. *Traylor*, 130 Ind. 145, 147, 149, 11 L. R. A. 115, and cases cited; *Smith* v. *Harbin*, 124 Ind. 434, 438, 439; *Kreider* v. *Isenbice*, 123 Ind. 10, 15; *Knopf* v. *Morel*, 11 Ind. 570, 573, 574; *Stout* v. *Duncan*, 87 Ind. 383, 389, 390; *Shields* v. *Moore*, 84 Ind. 440, 445; *Scherer* v. *Shutz*, 83 Ind. 543; *Laval* v. *Rowley*, 17 Ind. 36, 39, 40.    To obtain an execution on such judgment so paid by him, the surety must bring an action against the other judgment defendants, to try the question of suretyship, and secure an order for an execution thereon.    *Kreider* v. *Isenbice, supra*; *Montgomery* v. *Vickery*, 110 Ind. 211, 213; *Shields* v. *Moore*, 84 Ind. 440, 445; *Laval* v. *Rowley, supra; Scherer* v. *Schutz, supra; Stout* v. *Duncan, supra; Frank* v. *Traylor, supra; Harter* v. *Songer*, 138 Ind. 161.

It is clear, we think, that in this State when a judgment is paid by one of the judgment defendants, and the question of suretyship has not been judicially determined, that, even if he has taken an assignment of the judgment to himself, he is not entitled to an execution thereon until he has, in a proper action, had it determined either that he is surety on the contract upon which such judgment was rendered, or that he stood in that relation to the judgment when he paid the judgment, or that, as between himself and the other judgment defendants, he has paid more than his share of the judgment, in which case he is entitled to an execution on the original judgment against such other judgment defendants for the amount he has paid more than his share. *Harter* v. *Songer, supra*, and cases cited.    It is much the better rule in such case that the question of the rights of the judgment defendants in a judgment, as between themselves, be judicially de-

termined before an execution can issue, than that it be determined after the sale of real or personal property on an execution or copy of a decree issued upon such a judgment. If the right to such execution and the relation of the judgment defendants to each other are fixed by the judgment of a court having jurisdiction before execution can issue, then persons bidding at such sale will know what they are buying; otherwise, they do not know, and cannot know, whether by such sale they will get any title to the property sold.

While the jury found that the appellee Robert G. Pasley was surety only on the note and mortgage upon which the Funk judgment and decree were recovered, and the other persons against whom said judgment and decree were rendered were principals, yet said relation was not shown by that judgment, nor had any proceeding been brought to determine that question before the sale of said real estate to said appellee in December, 1894, on the Funk decree of foreclosure. Said judgment was joint against said Pasley and the other judgment defendants. Therefore, when appellee Robert G. Pasley took the assignment of the Funk judgment and decree to himself, he could not, under sections 1226, 1228 Burns 1894, sections 1212, 1214 Horner 1897, take an execution or a copy of the decree thereon, until there had been a trial and final adjudication that he was the surety of the other judgment defendants in said judgment, and an order that execution issue thereon. *Kreider* v. *Isenbice*, 123 Ind. 10; *Knopf* v. *Morel*, 111 Ind. 570; *Shields* v. *Moore*, 84 Ind. 440; *Harter* v. *Songer*, 138 Ind. 161. It is evident, from what we have said concerning the law applicable to the facts found by the special verdict, that the court erred in rendering judgment thereon in favor of appellee Robert G. Pasley.

The action of the court in overruling the motions for a new trial is also called in question. An examination of the evidence leads to the conclusion that the same misconception of the law as applied to the facts which caused the court to

render judgment on the special verdict in favor of appellee Pasley against appellant on the second paragraph of complaint also caused the court to find for the appellee Robert G. Pasley on the first paragraph of the complaint, and on the cross-complaint. It is clear, therefore, that the finding of the court on the issues submitted to it was contrary to law, and a new trial thereof should be ordered. Under such circumstances, we think that, instead of directing a judgment on the special verdict in favor of appellant on the second paragraph of complaint, and a new trial as to the part of the cause tried by the court, a new trial of the whole case should be ordered.

The judgments are therefore reversed, with instructions to grant a new trial of the whole case, with leave to file amended pleadings if desired, and for further proceedings not inconsistent with this opinion.