14,146.

## DEWITT *v.* BORING.

STATUTE OF LIMITATIONS.—*Determination of Suretyship.— When Action Must be Brought.*—An action to determine the question of suretyship, and to have an order made that execution issue on the judgment theretofore rendered against the plaintiff and the defendant in the pending action, which the plaintiff had paid, the question of suretyship not having been passed upon in the original action, must be brought within six years from the time the cause of action · accrued. The right of action rests in parol, and does not rest upon the original judgment. Like all other actions for the collection or recovery of a judgment for money not evidenced by a writing, it is barred after six years.

SURETYSHIP.—*Plea of Infancy.—Conclusiveness of Original Judgment.*—In an action brought after the recovery of a judgment, to determine the question of suretyship, the plea of infancy is bad. The original judgment is conclusive upon those against whom it was rendered, that they were legally liable for the payment of the debt.

From the Rush Circuit Court.

*W. Cassady* and *D. S. Morgan,* for appellant.
*C. Cambern* and *T. J. Newkirk,* for appellee.

BERKSHIRE, J.—This was an action by the appellee against the appellant to obtain relief under sections 1212, 1214, R. S. 1881.

It was alleged in the complaint that on the 11th day of December, 1875, one Frank Alter recovered judgment before a justice of the peace against the appellant and the appellee in the sum of $141.54, upon a note which they had executed; that the appellant was the principal on said note, and· the appellee his surety; that the question of suretyship was not tried and determined in said action; that the appellee was forced to pay the judgment, and thereafter, on the 21st day of June, 1876, he caused a transcript of said judgment to be filed in the Rush Circuit Court; that said judgment is due and unpaid. The demand, at the close of the complaint, is that the question of suretyship be determined, and an or-

Dewitt *v.* Boring.

der made that execution issue on the judgment for the appellee's benefit.

The court overruled a demurrer to the complaint, and the appellant saved an exception.

The appellant then answered in three paragraphs, the general denial, the statute of limitations, and infancy. Demurrers were sustained to the two affirmative answers, and the appellant reserved exceptions.

The appellant thereafter withdrew his general denial, and judgment was rendered against him for want of an answer.

The errors assigned are : That the court had no jurisdiction of the subject-matter of the action ; that it erred in overruling the demurrer to the complaint; that it erred in sustaining the demurrers to the second and third paragraphs of answer.

The members of the Court are not of one mind as to the jurisdiction of the circuit court, and as it does not become necessary to decide the question, we leave it undecided. If the court had jurisdiction, we are of the opinion that the complaint was good, and the demurrer properly overruled.

We do not care to take any time in considering the plea of the statute of limitations. In the recent case of *Kreider* v. *Isenbice, post,* p. 10, the question was thoroughly considered, and the authorities cited, and the conclusion reached that an action such as the present is barred after six years from the time the cause of action accrued. It is held in that case, and, we think, properly so, that the right of action rests in parol, and does not rest upon the original judgment ; and, like all other actions for the collection or recovery of a judgment for money not evidenced by a writing, is barred after six years. The court erred in sustaining the demurrer to this paragraph of answer.

The plea of infancy was bad. The original judgment was conclusive upon the appellant that he was legally liable for

the payment of the debt, and the present action was to subrogate the appellee to the rights of the judgment creditor.

The judgment is reversed, with costs.

**Filed March 20, 1890.**