# Waller, Admr. v. Janney & Cheney, Trustees, &c.

## Bill in Equity to enforce Vendor's Lien.

1. *Vendor's lien; agreement to pay a charge on land purchased.*— Where, as a part of the purchase money of certain real estate, the purchaser agrees to satisfy a charge or incumbrance upon the property, his failure to do so fastens a lien in the nature of a vendor's lien upon said real estate in favor of the owner of the incumbrance; and for the enforcement of such lien a bill can be maintained in equity.

APPEAL from Chancery Court of Montgomery.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellant, as administrator *de bonis non* of Lucy B. Micou, deceased; and sought to fasten a lien, in the nature of a vendor's lien, on certain property held by the defendants, Janney & Cheney, as trustees of the late firm of Moses Brothers.

H. C. Semple held the legal title to certain property. He had no personal interest in it whatever, beyond his charges as trustee. All of which was known to Moses Brothers. The sum of $4,250 was charged on this property in favor of Lucy B. Micou. Moses Brothers, proposing to buy a portion of this property, and knowing of the charge in favor of Lucy B. Micou, offered Semple $10,000 for certain lots, and agreed to satisfy the purchase money as follows: by accounting with him, Sem-

ple, for the sum of $6,050, and by accounting with Lucy B. Micou, for Semple, for the sum of $3,950. These terms were accepted by Semple, and Moses Brothers paid him, or accounted to him for, the $6,050, and brought to him, from Lucy B. Micou, a receipt to Semple for $3,950, and, on the delivery of this receipt, Semple executed a warranty deed to the property to Moses Brothers. Semple has received the full benefit of the payment of $3,950 to Lucy B. Micou. But the bill alleges, and the proof shows, that this sum was never paid in any manner to Lucy B. Micou. And this bill is filed to charge the property conveyed by Semple to Moses Brothers with the said sum of $3,950 so agreed to be paid by the purchasers to her.

The bill, as originally filed, averred: "That $3,950 of the consideration should be credited by said firm on the supposed indebtedness of said Lucy B. Micou to them; which understanding was carried out, said firm receiving a deed to said property from Semple, entering a credit of $3,950 to said Lucy B., and paying the balance of said consideration." And the original bill claimed that, as Lucy B. did not in fact owe Moses Bros. anything, and as there was no debt of hers to which this credit could be applied, the money was still due and that she was entitled to a lien for its payment. This bill was demurred to on the ground that it did not show that money was to be paid, but only a credit entered, and that to decree a lien now for the payment of money would be making a contract for the parties. This demurrer was held good by the Supreme Court on appeal from a decree of the chancellor. The case is reported in 94 Ala. 476, under the name of *Sayre v. Westcott.*

On the return of the cause to the chancery court, the bill was amended. As thus amended it averred that Moses Bros. "bought from Semple, for the sum of ten thousand dollars, the said property." "And that the said firm, on purchasing the said property from said Semple, and knowing that he owed said Lucy a large sum of money, and that said property was charged with the payment of the same, told the said Semple, that instead of their paying him in cash the sum of $3,950, that they would pay the same to Lucy B., to whom said Semple was to pay it, and would procure for him, said Semple, the receipt of said Lucy B. therefor." That

said Semple "agreed with said firm that they might dis-charge said sum to said Lucy B. for him." And then the bill avers that said firm, fraudulently and without any consideration whatever to her, obtained the said re-ceipt for $3,950 from Lucy B., through the means of undue influence, the details of which are stated, and on delivery of the receipt to Semple obtained the deed. The bill as amended further avers, that afterwards the said Lucy B. recovered a decree for the said identical sum of $3,950 and interest against the said firm of Moses Bros., and that the same is in full force and unreversed and unsatisfied.

On this bill, as thus amended, the complainant below prayed that the said property so conveyed by Semple to Moses Bros. be charged with the payment of said sum of $3,950, and interest.

On the final submission of the cause, upon the plead-ings and proof, the chancellor rendered a decree deny-ing the relief prayed for, and ordering the bill dismissed. The complainant brings this appeal, and assigns the said decree as error.

W. A. GUNTER, for appellant, cited *Linn v. Bass*, 84 Ala. 281; *Coleman v. Hatcher*, 77 Ala. 217; *Young v. Hawkins*, 74 Ala. 370; *Buford v. McCormick*, 57 Ala 428; *Cochran v. Miller*, 74 Ala. 61; *Hukill v. Guffey*, 16 S. E. Rep. 551; Notes to *Lea v. Lea*, 96 Amer. Dec. 775; *Carver v. Eads*, 65 Ala. 190; *Woodall v. Kelly & Co.*, 85 Ala. 368; *Terry v. Keaton*, 58 Ala. 667; 2 Jones on Liens, § 1094.

TOMPKINS & TROY and HORACE STRINGFELLOW, *contra*, cited, *Paulison v. Van Iderstine*, 28 N. J. Eq. 306; *Rowley v. Flannelly*, 30 *Ib.* 612; *Sayre v. Westcott*, 94 Ala. 476; *Paget v. Marshall*, 28 Ch. Div. 255; *Lyman v. Ins. Co.*, 17 John. R. 375; *Calverley v. Williams*, 1 Vesey 210; *Stapylton v. Scott*, 13 Vesey 425; *Milhouse v. Dunham*, 78 Ala. 48; *Williams v. Jones*, 77 Ala. 294; *Hatchett v. Blanton*, 72 Ala. 423; *Butler v. Hildreth*, 5 Metc. 49; *Foster v. Gressett*, 29 Ala. 395.

STONE, C. J.—Under any phase of the testimony in this case, the Moses Brothers owe $3,950 of the purchase money of the property sought to be condemned in this

suit, with interest from 21st day of March, 1879. That money was due and owing to Miss Lucy B. Micou, complainant's intestate. The so called payment was in fact no payment, as has been determined by the decree and judgment of this court in a suit at her instance against the Moses Brothers. For this unpaid purchase money there is a lien in the nature of a vendor's lien on said property, and the complainant is entitled to the relief prayed for.—*Carver v. Eads*, 65 Ala. 190; *Woodall v. Kelly & Co.*, 85 Ala. 368.

The decree of the chancellor is reversed, and a decree here rendered, declaring such lien on the property for said unpaid purchase money.

It is referred to the register to ascertain and report to the chancery court the unpaid balance of said purchase money, with interest to the coming in of the report. All other questions are reserved for decision by the chancellor.

Reversed, rendered and remanded.

