## OGLEBAY ET AL. *v.* TODD ET AL.

[No. 20,557. Filed December 15, 1905. Rehearing denied February 23, 1906.]

1. PRINCIPAL AND SURETY.—*Grantees.*—*Agreement to Pay Mortgages.*—*Subrogation.*—Where a grantee assumed and agreed to pay an existing mortgage on the granted lands, but on a foreclosure the grantor was compelled to pay same, he is the surety for such grantee and is entitled to be subrogated to the rights of the mortgagee, whose security he is entitled to have kept alive. p. 253.

2. JUDICIAL SALES.—*Redemptioners.*—*Notice.*—Where a grantee who had assumed the payment of the mortgage on the granted land, failed to pay same, and the mortgagee compelled the grantor to pay the balance due after a sale of the lands under foreclosure, such lands are liable for the payment of such balance when held by such grantee's grantee, with notice, who redeemed such lands from the foreclosure sale. p. 254.

3. PRINCIPAL AND SURETY.—*Judgment.*—*Failure to Show.*—*Enforcement.*—Where a judgment defendant is in fact surety for his codefendant, though the judgment does not disclose such

fact, he can not by taking an assignment of such judgment enforce same by execution, but may, as against any one with notice, subsequently obtain a decree giving him the right to enforce same. p. 254.

4. PLEADING. — Vendor and Purchaser. — Deeds. — Recitals. — Notice to Remote Grantee.—Where a complaint shows that E. deeded real estate to O.; that by contract with T., E.'s grantor, E. agreed to pay a mortgage on such real estate and that such contract was contained in the deed from T. to E., notice to O. of such contract is sufficiently alleged. p. 254.

5. VENDOR AND PURCHASER. — Deeds. — Conditions.—Subsequent Purchasers. — Notice. — Presumptions. — Recording. — Subsequent purchasers are conclusively presumed to take notice of all conditions and defects appearing in the title papers through which they claim, whether same are recorded or not. p. 255.

6. SAME. — Judgment. — Redemption. — Notice.—Subrogation.— Where a grantee redeems lands previously sold at judicial sale on a decree rendered against his grantor and such grantor's grantor, grantee, being in privity with his grantor, was bound to know that such decree did not establish the rights of defendants as between themselves and that his grantor's grantor could afterwards enforce his grantor's contract, as set forth in the deed to the grantor, to pay the mortgage, on whose foreclosure such sale was made. p. 256.

7. SAME. — Judgment. — Subrogation.—Notice.—Where grantee claims title through a deed containing a promise by his grantor to pay a mortgage which grantee knew had been foreclosed and that his grantor had not paid but grantor's grantor had paid and had taken an assignment thereof from the mortgagee, such grantor's grantor is entitled to subrogation and can sell grantee's land in payment of the balance he was compelled to pay on such mortgage. p. 256.

8. NEW TRIAL.—On Cross-Complaint.—A motion for a new trial only as to the cross-complaint and not as to the whole case should be overruled. p. 257.

From Tipton Circuit Court; James F. Elliott, Judge.

Suit by William R. Oglebay and others against Lemuel S. Todd and others. From a decree for defendant Todd on his cross-complaint, William R. Oglebay and another appeal. Transferred from Appellate Court under §§1337u Burns 1901, Acts 1901, p. 590. Affirmed.

*Oglebay & Oglebay,* for appellants.

*Gifford & Gifford,* for appellees.

GILLETT, C. J.—This is a second appeal. See *Todd* v. *Oglebay* (1902), 158 Ind. 595. Although there were other parties below who are also parties to the record here, the real controversy is between William R. Oglebay and Lemuel S. Todd, and for the purposes of this opinion it is not necessary to explain the relations of said other parties to the litigation.

The essential facts in the case are as follows: Joab Woodruff executed a mortgage on a lot in the city of Lebanon, Indiana, and he afterwards conveyed it by deed to Todd. The latter, in turn, deeded the lot to Mary Eshelman. In each deed it was stated that the grantee assumed and agreed to pay said encumbrance. The deed to Eshelman was duly recorded. The holder of the mortgage afterwards instituted a suit, making Todd, Woodruff and Eshelman parties defendant. It was sought by said suit to hold Woodruff and Todd personally liable on their respective promises to pay said mortgage, and to procure a foreclosure as against Eshelman. Such proceedings were afterwards had in said action that a judgment and decree was rendered as prayed. An order of sale issued on the decree, under which the sheriff, on August 12, 1898, struck off the land to the execution plaintiff for a sum but slightly in excess of the amount of the costs. On January 1, 1899, Todd paid the balance of the judgment to the attorneys of the execution plaintiff, and they entered on the margin of the record what purported to be an assignment thereof to him. May 29, 1899, Oglebay, after examining the record of said foreclosure, and observing the attempted assignment of the judgment, took a quitclaim deed from Eshelman, and on July 1, 1899, he paid into the clerk's office the amount of the sale, with interest, and obtained a certificate of redemption. Todd subsequently caused a certified copy of said decree to be issued to the sheriff,

and the latter, acting thereunder, offered the lot at sheriff's sale, and it was struck off to Todd.    Pending the advertisement that the lot would be sold by the sheriff, Oglebay instituted this suit, its purpose being to quiet title as against said decree, and to enjoin the proposed sale. Afterwards Oglebay filed a supplemental complaint, setting up the fact of the pretended sale, and asking to have it set aside.    Todd filed an answer and a cross-complaint. A demurrer was sustained to the answer, and the cross-complaint was stricken out.    Todd elected to abide his exceptions to these rulings and appealed.    This court held upon said appeal that the answer was sufficient, and, as the cross-complaint was germane to the original action, that the court below erred in striking out said pleading.    Upon the reversal of the cause Todd filed an amended cross-complaint. The purpose of this cross-complaint, like the first, was to establish Todd's suretyship and his title to the decree of foreclosure.    After issues of fact had been joined, there was a trial, and the court, at the request of the parties, found the facts specially and stated its conclusions of law thereon.    It was adjudged upon said conclusions that the sale which had been had at the instigation of Todd be set aside, and there was a decree in his favor on the cross-complaint.

There can be no question in the circumstances that, as between Todd and his grantee, Todd was a surety.    As between them, the amount which he was compelled

1. to pay to relieve himself from his personal liability on the judgment was not a payment, but a debt was thereby created in his favor, for the enforcement of which, upon the equitable principle of subrogation, he was entitled to keep alive the security of his creditor.    *Josselyn* v. *Edwards* (1877), 57 Ind. 212; *Todd* v. *Oglebay, supra.* See, also, *Cordova* v. *Hood* (1872), 17 Wall. 1, 21 L. Ed. 587; *Waller* v. *Janney* (1893), 102 Ala. 442, 14 South. 876; *Simily* v. *Adams* (1901), 88 Mo. App. 621; *Koch*

v. *Roth* (1894), 150 Ill. 212, 37 N. E. 317; *Texas Land, etc., Co.* v. *Watkins* (1896), 12 Tex. Civ. App. 603, 34 S. W. 996. As was, in effect, held upon the prior 2. appeal of this case, when Oglebay, as a purchaser with notice, as was alleged in said answer, redeemed the land from the sheriff's sale, he took the estate impressed with the decree, to the extent that it was unsatisfied.

Although Todd was, in fact, a surety, yet, assuming that his suretyship did not appear in the judgment, he could not avail himself of his relation in such manner as 3. to take out an order of sale upon the judgment by merely taking an assignment of it. It was his duty, in such circumstances, to procure an adjudication of his suretyship; but as against one who, with notice of the facts, was claiming under one of his codefendants, he was at liberty to obtain an adjudication of such matter subsequently, and thereby to secure the right to enforce the decree to the extent of his equitable interest in it. *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552; *Todd* v. *Oglebay, supra; Montgomery* v. *Vickery* (1887), 110 Ind. 211; note to *Nelson* v. *Webster* (1904), 68 L. R. A. 513, 566.

Whether Todd was entitled to the benefit of the decree depends upon whether Oglebay had notice. The court found that the deed from Todd to Eshelman was 4. recorded, and, so far as the main action was concerned, this was within the issues; but the right of Todd to an affirmative judgment on his cross-complaint is denied because it does not, in terms, allege that Oglebay purchased with notice of the recital in said instrument or with notice of the fact of suretyship. However, it is alleged in said cross-complaint that Eshelman conveyed the real estate by deed to Oglebay; that by the terms of the contract between Todd and Eshelman the latter assumed and agreed to pay said mortgage, and that such agreement was written in, and was a part of, the deed of conveyance from him to her. Under these allegations we deem it clear

that it sufficiently appears from the cross-complaint that Oglebay had notice of the provision in said deed. In Moore v. Bennett (1678), 2 Ch. Cas. 246, it was said: "And so it is in all cases where the purchaser can not make out a title but by a deed, which leads him to another fact, the purchaser shall not be a purchaser without notice of that fact, but shall be presumed to be cognizant thereof; for it is *crassa negligentia* that he sought not after it." It was held by this court in *Wiseman* v. *Hutchinson* (1863), 20 Ind. 40, that a subsequent purchaser was chargeable with notice of a vendor's lien where he might have ascertained that it had been in terms reserved in a deed which constituted a necessary link in his chain of title. Answering the objection that it did not appear that the deed had been put upon record, Worden, J., speaking for the court, said: "There is nothing in this objection. The registry laws have no application to the case. The defendant, Remlinger, was bound to notice the recitals in the deed from Simpson to Wiseman, not because that deed was recorded, but because she claimed through it. That deed constitutes a part of her chain of title, and she was bound to know its contents and recitals, whether it was recorded or otherwise." See, also, *Brannon* v. *May* (1873), 42 Ind. 92; *Hazlett* v. *Sinclair* (1881), 76 Ind. 488, 40 Am. Rep. 254; *Mertins* v. *Jolliffe* (1756), Ambl. 311; *Brush* v. *Ware* (1841), 15 Pet. *93, 10 L. Ed. 672; *Acer* v. *Westcott* (1871), 46 N. Y. 384, 7 Am. Rep. 355; *McPherson* v. *Rollins* (1887), 107 N. Y. 316, 14 N. E. 411, 1 Am. St. 826; 1 Story, Eq. Jurisp. (13th ed), §400; 2 Pomeroy, Eq. Jurisp. (3d ed.), §§626, 631, and cases there cited; 23 Am. and Eng. Ency. Law (2d ed.), 508. The presumption of notice to a grantee of a recital, which is found in a deed on which his title rests, that what really amounts to a part of the purchase money is unpaid, and that it has been adjusted only by the grantee's engagement to assume and pay the sum due, is so violent that the

law will not permit it to be controverted. *Brush* v. *Ware,* *supra;* 1 Story, Eq. Jurisp. (13th ed.), §399; 2 Pomeroy, Eq. Jurisp. (3d ed.), §§595, 627. See *Webb* v. *John Hancock, etc., Ins. Co.* (1904), 162 Ind. 616. Such a recital, being of a character sufficient clearly to reveal the existence of an outstanding equity, if the promise to pay has not been complied with, a remote grantee is required at his peril to make due inquiry. *Acer* v. *Westcott, supra.*

It is, however, contended that Oglebay purchased on the strength of the record in the foreclosure suit, and that he had a right to regulate his conduct on the assumption that Todd was a principal debtor, as he had not procured an adjudication of suretyship. This really involves two propositions, which should be considered separately. It must not be forgotten that Todd does not deraign his title from a decree under the sale on foreclosure; on the contrary, he stands in privity with his grantor, who was a codefendant, and Oglebay was bound to know that there was nothing in said adjudication which, as between the defendants thereto, in any way estopped Todd from subsequently taking steps to avail himself of the benefit of the decree. *Jones* v. *Vert* (1889), 121 Ind. 140, 16 Am. St. 379; *Finley* v. *Cathcart* (1898), 149 Ind. 470, 63 Am. St. 292; *Zimmerman* v. *Gaumer, supra; Todd* v. *Oglebay, supra;* 1 Van Fleet, Former Adjudication, p. 597.

As to the second of said propositions, this is not a case in which the failure of Todd to procure an earlier adjudication of his suretyship misled Oglebay into the supposition that the judgment had been satisfied by one who was a principal. The evidence of Oglebay himself shows that, in addition to examining the record of the foreclosure, he inspected the writing on the margin of the record, which purported to be an assignment of the judgment. This was itself a circumstance sufficient to put him on inquiry. *Frank* v. *Traylor* (1892), 130 Ind.

145, 16 L. R. A. 115. There was nothing in the opinion of the former appeal asserting the contrary of this proposition. Todd's rights as a surety remained to be established, notwithstanding the attempted assignment; but it was the duty of Oglebay, having inspected the record thereof, to inquire into the reason for the apparent attempt to keep the judgment alive. 'Coupling this element of notice with the notice which was imputed to Oglebay from the deed to his grantor, and we have a case in which the purchaser was charged with the consequences of knowledge that the equity of subrogation existed, and that the surety was attempting to avail himself thereof. When the elements of notice above referred to are considered, all claims upon the part of Oglebay that he was entitled to the protection of a good-faith purchaser utterly vanish. If it be said that he bought in good faith, relying on the force and effect of the foreclosure record, then we have only to say that he must bear the burden of his mistaken assumption that his would be the prior right.

Finally, it is contended that the amount found to be due is $23.19 too much. As this matter was only attempted to be presented to the court below by a motion for a new trial assigning the fifth statutory ground therefor, and as such new trial was sought, according to the motion, only as to the cross-complaint, and not as to the whole case, there was no error in overruling the motion.

Judgment affirmed.