## HALSTEAD *v.* LARUE.

[No. 21,976.   Filed May 28, 1912.]

1. MORTGAGES.—*Assumption.*—*Suretyship.*—Where by the terms of a deed the grantee assumes the payment of a mortgage on the land, the law fixes the relation of personal suretyship as between the grantor and grantee, and it is not necessary that it be otherwise declared or adjudicated in order that a suit may be maintained by the grantor against the grantee on the agreement of assumption, where other rights have not become involved.   p. 662.

2. PRINCIPAL AND SURETY.—*Adjudication of Relation.*—*Independent Action.*—The adjudication of the relation of suretyship need not be had in the original action on the contract, but may be declared when necessary in an independent action, although when the relation of surety is not disclosed, and rights are sought to be grounded on the relation which may affect equities, the relation should properly be declared in the original action.   p. 662.

3. MORTGAGES. — *Assumption.*—*Reimbursement of Grantor.*—*Complaint.*—*Sufficiency.*—In an action by a grantor against a grantee who had assumed the payment of a mortgage, for reimbursement for a deficiency paid on foreclosure of the mortgage, where a paragraph of the complaint alleged a conveyance by plaintiff to the defendant subject to a mortgage of $1,200, which was then existing on the land, and another paragraph alleged the conveyance by plaintiff to defendant subject to the mortgage, that it was a mortgage executed to A on a specified date for $1,200, and that A on a specified date sold and assigned the notes and mortgage to P, who brought the foreclosure suit which resulted in a judgment against the plaintiff, a copy of the deed being attached to each paragraph, the complaint was, in the absence of a motion to make the identity of the mortgage more specific, good as to each paragraph.   p. 664.

4. MORTGAGES. — *Assumption.* — *Reimbursement of Grantor.* — *Evidence.*—*Sufficiency.*—In an action by a grantor against his grantee for reimbursement for a deficiency paid on foreclosure of a mortgage, of which the grantee had assumed the payment, where the deed, the mortgage and assignment, the judgment of foreclosure, the decree and return of the sheriff showing a deficit, the execution against plaintiff and the return showing payment by him,

were in evidence, supplemented by the evidence of the plaintiff identifying the mortgage debt which he paid as the one agreed to be paid by defendant, the evidence was sufficient to identify the debt. p. 664.

5. MORTGAGES. — *Assumption.* — *Reimbursement of Grantor.* — *Demand.*—Where a grantor was compelled to pay a deficiency on the foreclosure of a mortgage which the defendant had assumed to pay as a part of the purchase price of the land, no demand by the grantor was necessary before bringing an action against the grantee for reimbursement, since the latter was bound to take notice that the mortgage debt became due at a fixed time. p. 665.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Samuel M. LaRue against Everett Halstead. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*George A. Williams,* for appellant.

*Abraham Halleck, Moses Leopold* and *Frank Foltz,* for appellee.

MYERS, J.—Appellee, being the owner of a tract of land in Newton county, Indiana, executed a mortgage on it, and then sold it to appellant, and by the terms of the deed appellant assumed the payment of the mortgage debt, which was deducted from the purchase price. Appellant later conveyed the land to another, and he in turn to a third person.

The mortgage was foreclosed in the Newton Circuit Court, in a proceeding in which appellee, and the two other mesne grantees were parties, but appellant was not a party, and there was a judgment over against appellee. A deficit arising after the sale by the sheriff, an execution was issued on the judgment over against appellee, and he was forced to pay the remainder of the debt, whereupon he brought a suit, by a complaint in three paragraphs, to recover from appellant the amount he had paid, based on the assumption clause in the deed. There was a plea in abatement by appellant, to which a demurrer was sustained, and appellee then filed a third paragraph of complaint.

A demurrer was sustained to the first paragraph of complaint, and the cause went to trial on the second and third paragraphs, under an answer of general denial. There was a finding against appellant, and, over motion for a new trial, judgment on the finding.

Appellant's plea in abatement was bottomed on the fact that he was a resident at all times of Jasper county, Indiana, and was not a party to the foreclosure proceedings in Newton county, and his relation of surety had never been declared in any proceeding for that purpose, and that the question of suretyship could be determined only in the Newton Circuit Court, and in the action for foreclosure, and there was, therefore, no jurisdiction in the Jasper Circuit Court, where appellant resided, and this action was begun, nor in any other court than the Newton Circuit Court.

The difficulty with appellant's position on the plea in abatement is, that as the complaint counts on the clause of assumption, the law raises the relation of surety as

1. between appellee and appellant, and that relation is not a question of fact, but a condition as to which the law fixes the relation absolutely as between them, of personal suretyship, and it is not necessary that it be otherwise declared or adjudicated, in order that a suit be maintained on the agreement of assumption which, as between the grantee and grantor, was personal, and the action personal, and local to the jurisdiction of appellant's residence, and hence it was not necessary that the relation of suretyship should be judicially declared, where other rights have not become involved; besides it may be declared when

2. necessary in an independent action. The statutes do not take away the common-law right of action, but are in aid thereof. *Howe* v. *White* (1904), 162 Ind. 74, 69 N. E. 684; *Dewitt* v. *Boring* (1890), 123 Ind. 4, 23 N. E. 1085; *Gieseke* v. *Johnson* (1888), 115 Ind. 308, 17 N. E. 573; *Nixon* v. *Beard* (1887), 111 Ind. 137, 12 N. E. 131; *White* v. *Miller* (1874), 47 Ind. 385; *Crowder* v. *Reed* (1881), 80 Ind. 1;

*Ritenour* v. *Mathews* (1873), 42 Ind. 7; *Harker* v. *Glidewell* (1864), 23 Ind. 219.

It is only when the relation of surety is not disclosed and rights are sought to be grounded on the relation which may affect equities, that it is necessary to have the relation adjudicated out of which the rights spring as to the subject-matter of the particular litigation, and it may be, and should properly be done in the original action. For example, one who is a surety in fact, who permits a judgment to be taken against him, without the relation being disclosed in that action, cannot pay the judgment nor take an assignment of it, nor have an execution issued for his benefit, and affect the equities of others without notice, unless, or until, either in that action, or in some other appropriate action, the relation is judicially declared. *Oglebay* v. *Todd* (1906), 166 Ind. 250, 76 N. E. 238; *Todd* v. *Oglebay* (1902), 158 Ind. 595, 64 N. E. 32; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829.

In *Todd* v. *Oglebay, supra,* a cross-complaint by the surety, who had without any judicial declaration paid the judgment, taken an assignment, and procured the issuing of an execution, was held proper in a suit to enjoin a sale under that execution. But it is not necessary, in order that a surety recover money paid on a judgment, where the direct object of the action is to recover money so paid, that it be in the action in which the judgment was rendered, or in the same court.

The proposition is made quite clear in *Zimmerman* v. *Gaumer, supra,* where the statutes are collected on the subject; where, under the statute, the surety desires to protect himself against other equities in particular property, by reason of payment, or subrogation and the issuing of execution for his benefit, etc. See, also, *Dewitt* v. *Boring, supra; Scherer* v. *Schutz* (1882), 83 Ind. 543; *Harter* v. *Songer* (1894), 138 Ind. 161, 37 N. E. 595.

But where, as here, the action is the ordinary common-law

action for money paid, the relation of surety, and payment as such, may be shown at one and the same time, in an ordinary personal action on the covenant in the deed.

The case falls directly within the rule of *Risk* v. *Hoffman* (1879), 69 Ind. 137.

The court did not err in sustaining the demurrer to the plea in abatement.

3. The only question sought to be raised as to the sufficiency of the complaint is that the reference in the deed to a mortgage is too uncertain and indefinite to form the basis of an action.

The second paragraph of complaint alleges a sale and conveyance by appellee to appellant subject to a mortgage of $1,200, and interest due thereon, which was then existing on the land, and which mortgage the defendant assumed and agreed to pay as part of the purchase price of the land.

If there was more than one mortgage, or appellant desired information as to what mortgage debt had been paid, he should have made a motion to have it made more specific.

The third paragraph alleges that it was a mortgage executed by appellee to one Austin, June 27, 1902, for $1,200, and that Austin on September 6, 1902, sold and assigned the notes and mortgage to one Paradis, who brought the suit on the notes and mortgage, which resulted in the judgment against appellee.

The conveyance was made February 17, 1903, and it is so alleged. A copy of the deed is attached to each paragraph, a clause of which is that the conveyance is made "subject to a mortgage of $1,200 and the interest thereon which grantee assumes," and in the third paragraph it is specifically alleged as expressed in the deed, and the amount of the debt deducted from the purchase price.

That is certain which is capable of being rendered certain.

The complaint was good as to each paragraph.

4. It is urged that the evidence does not sufficiently identify the debt.

The deed, the mortgage and assignment, the judgment of foreclosure, the decree and return of the sheriff, showing a deficit, the execution against appellee, and the return showing payment by him, were in evidence, supplemented by the evidence of appellee, identifying the mortgage debt which he paid as the one agreed to be paid by appellant, and was abundantly sufficient.

Finally it is claimed that no demand is alleged or shown by the evidence. Demand is alleged in the third paragraph of complaint and is shown by the evidence, but neither

5. was necessary. The notes fixed the time of their falling due, of which he was bound to take notice and his agreement became primary, and bringing suit was a sufficient demand. *Rodenbarger* v. *Bramblett* (1881), 78 Ind. 213.

These are all the questions presented, and as no error is made to appear, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 638. See, also, under (1) 27 Cyc. 1356; (2) 32 Cyc. 171; 134 Am. St. 557; (3 and 4) 1913 Cyc. Ann. 3064. As to a grantor's remedy against a grantee who has assumed his mortgage and subsequently defaulted in its payment, see 78 Am. Dec. 79.