■ Arthur Falk, Doing Business as Arthur Falk Realty Co., Appellant, v. Frederick Krumm et al., Respondents.— In an action to recover a real estate brokerage commission, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered August 9, 1963 after a nonjury trial, upon the court's opinion and decision in favor of the defendants, dismissing the complaint. Judgment affirmed, with costs to the respondent Elizabeth Krumm. The property was owned by the two defendants, husband and wife, as tenants by the entirety. It is undisputed that the plaintiff broker was retained by the husband alone to find a buyer for the property. It appears from the record that the broker knew: (1) that the property was owned by the defendants as tenants by the entirety; (2) that they had theretofore been separated from each other; (3) that the proposed sale to a builder, as negotiated by the broker, was made "Subject to village approval of plans of Builder for apartments on site"; and (4) that the offer was "cancellable within one week from date". It further appears that such conditions were not acceptable to the wife and that she never consented to the proposed sale upon these terms. Under the circumstances, she cannot be held liable for the commission allegedly earned by the broker. Nor, upon this record, may the husband be cast in liability to the broker. It was incumbent upon the broker to produce a purchaser ready, able and willing to purchase the property on terms acceptable to *both* owners. Since proof is lacking that the broker produced such a purchaser, this action must fail as against the husband, as well as against the wife. Beldock, P. J., Brennan and Hopkins, JJ., concur; Ughetta and Kleinfeld, JJ., concur in affirmance of the judgment insofar as it relates to the defendant wife, but dissent and vote

to reverse the judgment as to the defendant husband, to sever the action against him, and to direct judgment against him in the plaintiff's favor for $7,000, with costs, with the following memorandum: A party may enter into a contract to sell that which he does not presently own. He may employ a broker to find a purchaser for that which he does not presently own. If he wishes to take the risk that on the law day he will not be able to perform, he does so at his own peril, not at the broker's who has performed. In our opinion, the fact that the defendant husband was not authorized by his wife to engage the plaintiff to find a purchaser for their property is no bar to recovery of a commission from the husband (*Fanning* v. *Maggi*, 127 N. Y. S. 2d 152, affd. 282 App. Div. 1067). Even if the husband had been a stranger to the title rather than a tenant by the entirety, he would have been liable on his contract with the plaintiff broker (*Kennon* v. *Poerschke*, 148 App. Div. 839; *Willner* v. *McDonnell*, 185 N. Y. S. 837; cf. *Pearsen* v. *Lemken*, 34 Misc 2d 636; see 6 N. Y. Jur., Brokers, § 91, p. 361). It was conceded on the trial, which served as an inquest as to the husband who defaulted, that the purchaser produced by the plaintiff was ready, willing and able to perform. The court released the husband from liability because the wife did not find the purchaser to be acceptable to her. That fact is relevant only as to *her* liability. Had she found the purchaser acceptable, she would have ratified her husband's act and would have been liable for the commission. It was the husband, however, who employed the plaintiff. When plaintiff produced a purchaser acceptable to the husband, plaintiff earned his commission. It was the husband, not the plaintiff broker, who took the risk that the wife would not join in a conveyance.