■ 1845 Ocean Associates, Appellant, v Martin G. Stein et al., Respondents. — Judgment, Supreme Court, New York County (H. Schwartz, J.), entered on August 17, 1981, which denied plaintiff's motion for summary judgment and granted the individual defendants' cross motion dismissing the amended complaint against them and the order of said court entered on September 9, 1981 which granted reargument and, upon reargument, adhered to its original determination, both unanimously modified, on the law, to the extent of denying the individual defendants' cross motion to dismiss the first and third causes of action, and, as thus modified, the judgment and aforesaid order are otherwise affirmed, without costs. The appeal from the order of said court entered on July 29, 1981 is dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Plaintiff, purchaser of an apartment building from individual defendants, has brought suit against them and the Long Island Savings Bank which has extended the mortgage. The title closing took place on August 20, 1980, but because of logistic problems, the mortgage closing was not held until August 22, 1980. In its amended complaint, plaintiff alleges four causes of action. The first alleges breach of contract by the sellers in that they failed to give plaintiff an adjustment at the title closing for $5,470.14 in late interest charges which the defendant bank insisted upon before extending the mortgage. The second cause of action is against the bank, alleging that it waived late charges by failing to set them forth in its commitment letter as a condition to be performed prior to the delivery of the extension agreement and that it is estopped from demanding late charges because it failed to set forth any amount for late charges in its mortgage status letter. The third cause of action against the sellers alleges that the $864.64 allowance made to plaintiff at the title closing in return for its assumption of violations of record covering the premises was grossly inadequate. The fourth cause of action against the sellers alleges that at the time of title closing, the building's compactor was not in working condition and that the cost of repairs was $1,800, for which, damages in that amount are sought. Plaintiff moved for summary judgment against the sellers for an amount which included the mortgage late charges, the removal of violations on the two apartments and the cost of repairing the compactor (the plaintiff appears to have abandoned its claim for $9,000 to repave the sidewalk in front of the building). It also sought summary judgment against the bank for an amount representing the alleged late charges. Defendant sellers cross-moved for summary judgment dismissing the amended complaint against them. In denying plaintiff summary judgment against the bank, Special Term found questions of fact existed in light of the bank's assertion that none of the three letters written by it concerning the mortgage was addressed to plaintiff; that two of their letters, by their nature, would not be expected to refer to any such late charges; and, the third letter states: "All figures are given upon the condition that they will not be considered as an estoppel against the bank." In granting the sellers' cross motion, the court found that plaintiff claims that the items sought constitute "adjustments" within the meaning of the contract. It found that paragraph 33 of the contract specifies 19 separate adjustments to be allocated at the closing and that none of plaintiff's claims is encompassed within the 19 items. As to

appellant's first cause of action against the sellers to recover the late charges from them, there are factual questions presented as to whether the late charges are a form of interest or are an adjustment within the meaning of the letter dated August 20, 1980, in which the sellers agreed that "any errors in computing or determining adjustments discovered subsequent to the Closing will be corrected". Special Term did not specifically address itself to plaintiff's claim for late charges against the sellers, but found that none of its claims was encompassed within the 19 "adjustments" set forth in paragraph 33 of the contract. However, paragraph 33 did not define "adjustments" but merely stated "[t]he following are to be apportioned". Included in such items was "33.6. Interest on the Existing Mortgage." What the sellers meant by the term "adjustments" is unclear since the contract contains no definition of such term. Regarding plaintiff's second cause of action against the bank, Special Term was correct in finding issues of fact requiring a trial. Neither the commitment letter dated July 15, 1980 nor the status letter dated August 13, 1980, contains any reference to late charges due on the first mortgage although the status letter contains the statement that the figures contained therein will not be considered as an estoppel against the bank. The bank's defense is that the status letter contained the estoppel language; that if plaintiff had closed title and the mortgage at the same time, it would have avoided this problem; and, that the commitment and status letters were not addressed to plaintiff. The question of whether the bank should be estopped from collecting the late charges from plaintiff presents factual issues regarding plaintiff's reliance on the letters and whether the bank was obliged to notify plaintiff of the outstanding late charges. Likewise, factual issues exist regarding the third cause of action to recover additional sums required to cure the existing violations on the premises. It is unclear that there was an "adjustment" of $864.64 made at the title closing to cover violations. The sellers agreed on the day of closing that any errors in computing adjustments discovered after the closing would be corrected. Thus, plaintiff's claim for the additional sums allegedly needed to remove the violations presents the factual issue of whether in fact such additional expenses had been erroneously left out of the closing adjustments or the cost of such repairs was erroneously computed. Summary judgment should have been denied on the third cause of action. Finally, with respect to the compactor, the contract expressly states that the premises were to be taken "as is". While plaintiff is correct in stating that the sellers are liable for any breakdown prior to closing, the buyer's remedy is to inspect prior to closing and make an adjustment at the closing. There is no claim that any adjustment was claimed for the compactor at the closing and unlike the late charges which present factual issues as to what constituted adjustments under the subsequent letter agreement, the passing of title on an "as is" basis, generally extinguishes any claim for after-discovered defects or breakdowns. Under these circumstances, the fourth cause of action was properly dismissed. Concur — Sullivan, J. P., Silverman, Fein, Lynch and Asch, JJ.