■ FIRST NATIONAL BANK OF HIGHLAND, Appellant, v KORIBA, INC., Defendant, RALPH S. RISIO et al., Appellants, and GEORGE R. KOHLER et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Klein, J.), entered December 18, 1981 in Ulster County, which denied defendants Risios' motion to have satisfactions of judgment entered on their behalf and which granted defendant Josephine Kohler's motion to have her name substituted for the name of the judgment creditor shown thereon, and (2) from an order of said court, entered November 12, 1981 in Ulster County, which denied defendants Risios' motion to set aside a decision rendered at Trial Term. Defendants George Kohler, Ralph Risio and Koriba, Inc., borrowed funds from plaintiff First National Bank of Highland (bank). Defendants Josephine Kohler and Louise Risio executed unlimited loan guarantees. After the principal debtors failed to pay, the bank obtained a default judgment against defendants, the bank then contracted with a third party to assign the judgment in return for three payments. A condition of the assignment was that if the judgment was paid in the interim satisfactions would issue, but a further assignment of the judgment was not permitted. On January 14, 1980, Josephine Kohler paid the judgment in full and George Kohler obtained satisfactions of the judgment from the bank's attorney. The bank notified its prospective assignee and returned all payments received on the assignment. A dispute then arose concerning the capacity in which Mrs. Kohler had paid the judgment. She refused to record the satisfactions, declaring that she had paid as a surety and was entitled to an assignment of the judgment. The Risios claimed that Mrs. Kohler had paid as an agent for her husband and moved under CPLR 5020 (subd [a]) to have the clerk enter satisfactions on their behalf. Mrs. Kohler cross-moved to have her name substituted for the bank's as judgment creditor. Following a plenary hearing, the court found that Mrs. Kohler had in fact paid the judgment in her capacity as surety and therefore was entitled to be substituted as a judgment creditor. After the Risios' motion to set aside the court's order was denied, they appealed; the bank also appealed to protect its position as a satisfied judgment creditor. On the issue of whether the Risios have standing to appeal as "aggrieved parties" under CPLR 5511, we note that if Mrs. Kohler is indeed a surety, as the trial court determined, she is subrogated to the bank's rights against Mr. Risio and he is then jointly and severally liable to her on the judgment. If Mrs. Kohler was merely acting as her husband's agent, however, Mr. Risio would be liable only for contribution as a co-obligor (see *Booth v Farmers & Mechanics' Nat. Bank of Rochester,* 74 NY 228, 232). Similarly, Mrs. Risio's status depends upon Mrs. Kohler's standing, for if the latter is a surety, Mrs. Risio may be liable for contribution as a cosurety (see *Hard v Mingle,* 206 NY 179, 184). Since the Risios were parties aggrieved by the trial court's determination, they have standing to appeal. As for the merits, the court's finding that Mrs. Kohler acted in her own

right as surety in paying the judgment is sustained. The Risios failed to prove that an agency relationship existed between Mr. and Mrs. Kohler when the latter paid the judgment, and thus did not discharge their burden of proving agency (2 NY Jur 2d, Agency, § 24, p 484). The Kohlers' relationship as husband and wife is simply one circumstance to be considered in determining whether an agency relationship was present (see *Falk v Krumm,* 39 Misc 2d 448, affd 22 AD2d 911). Mrs. Kohler documented payment of the judgment out of her own assets and with her own check. Both Kohlers testified that she was not acting on Mr. Kohler's behalf. The bank's attorney admitted that he was not aware of Mrs. Kohler's status as a surety when he received payment, consequently, his assumption that he was dealing with Mr. Kohler alone is of no moment. While the Risios rely heavily on their assertion that Mrs. Kohler allegedly was informed that the bank's assignment contract with the third party prevented assignment of the judgment to her, Mrs. Kohler's knowledge of the terms of that agreement is irrelevant. Upon payment, she was entitled to assignment of the judgment (*Eno v Crooke,* 10 NY 60, 67; see, also, *Ellsworth v Lockwood,* 42 NY 89, 98); and this right could not be abridged without her consent, which admittedly was not sought; nor can it be found in the surety agreement. Orders affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.