■ MYRON SOLOMON et al., Appellants, v ARNOLD FELDMAN et al., Respondents, et al., Defendants. [630 NYS2d 754] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 14, 1994, which granted a motion by certain defendants for partial summary judgment dismissing the first and second causes of action in the first amended complaint, and granted a cross motion by certain other defendants for summary judgment dismissing the first amended complaint as against them, unanimously reversed, on the law, and the motions for summary judgment denied, with costs.

Issues of fact are present as to when claims under Judiciary Law § 487 and for fraud accrued. Issues of fact are also present regarding an agency relationship (*First Natl. Bank v Koriba, Inc.*, 89 AD2d 713). Further, issues exist concerning the remedies which would have been available to plaintiffs had they been aware of the true relationship between several of the defendants. All of the foregoing require a trial for their resolution. Concur—Rosenberger, J. P., Ross, Asch and Tom, JJ.

SECOND DEPARTMENT, AUGUST, 1995

(August 7, 1995)

■ ELTON CUNNINGHAM et al., Respondents, v LEON SPITZ et al., Appellants. [630 NYS2d 341] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated February 24, 1994, which denied their motion for summary judgment dismissing Elton Cunningham's cause of action.

Ordered that the order is affirmed, with costs.

The plaintiffs raise triable issues of fact as to whether the plaintiff Elton Cunningham was injured as a result of his exposure to lead, notwithstanding the fact that his blood-lead level did not fall within scientifically accepted definitions of lead poisoning. The allegation is not that Elton Cunningham suffered lead poisoning but that as a result of his exposure to lead he was injured *(see, German v Federal Home Loan Mtge. Corp.*, 885 F Supp 537). Therefore, the defendants' motion for summary judgment was properly denied *(see, Alvarez v Prospect Hosp.*, 68 NY2d 320).

The defendants' remaining contentions are without merit. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.