OPINION OF THE COURT
Franklin R. Weissberg, J.
This is a personal injury action brought by Elida Guzman on *970 behalf of her two children, Tatiana Guzman and Robert Baez, who are alleged to suffer from lead poisoning as a result of their exposure to lead paint in two apartments in which they resided on premises located at 560 West 165th Street in Manhattan. Tatiana was born on September 13, 1989. It appears that she was first diagnosed with an elevated level of lead in her blood in December 1993 and that this diagnosis was reached from tests conducted on blood collected from her on October 5, 1993. Robert was born on May 2, 1993. He was first diagnosed with elevated blood lead levels in January 1995 based on a laboratory sample collected from him on December 27, 1994.
The complaint alleges that the defendants owned and operated the premises at all times prior to December 12, 1994 and that for an extended period of time prior to that date, the two children were exposed to lead and lead-based paint within their apartments as a result of the defendants’ negligence in maintaining the premises. In the plaintiffs’ supplemental verified bill of particulars, dated October 13, 1997, they state that the infants were exposed to lead-based paint during the period from November 1993 to February 18, 1996.
The defendants have moved for summary judgment dismissing the complaint. They assert that on or about October 23, 1992, they lost ownership, control and possession of the building pursuant to a seizure warrant issued by the Honorable Robert Sweet of the United States District Court of the Southern District of New York after an investigation revealed that drug trafficking was being conducted in the building. The seizure warrant, which noted that title to the building had vested in the United States, authorized the United States Marshal’s Service to assume control over the premises and to retain the services of P & L Management and Consulting Company as the property manager. On or about November 1, 1992, the Marshal’s Service executed a written contract with P & L Management under which the company assumed full responsibility for the management of the building.
As a general rule, liability for dangerous conditions on land does not extend to a prior owner of the premises. (See, Bittrolff v Ho’s Dev. Corp., 77 NY2d 896, 898 [1991].) In their motion for summary judgment, the defendants argue that since their ownership and control of the building ended prior to the date on which the plaintiffs allege that the children were first exposed to lead paint, they cannot be liable for the children’s lead *971 poisoning and the complaint must therefore be dismissed. In response, the plaintiffs have cross-moved for leave to serve and file an amended complaint which would allege that their exposure to lead paint began not on December 12, 1994 but, rather, on September 15, 1989, two days after Tatiana was born.
The obvious purpose of the proposed amendment is to avoid summary judgment by addressing the fact that the defendants did not own or control the building after October 1992. With respect to Tatiana, the amended pleadings, unlike the original complaint, would include the three-year period (Sept. 1989-Oct. 1992) during which she allegedly resided in the building while it was still owned by the defendants. Although the defendants contend that there is evidence that the family resided in the Dominican Republic during this period, there is also evidence that they did, in fact, live in the building the entire time. In view of this factual issue, the defendants’ motion for summary judgment does not preclude an amendment to the complaint which alleges that Tatiana was first exposed to lead paint shortly after she was born in September 1989.
The advantage gained by amending the pleadings does not, however, extend to the allegations concerning Robert Baez. Robert was not born until six months after the defendants lost their title to and control of the premises. The plaintiffs, however, point out that there is an exception to the general rule against the imposition of liability on a prior owner. Under this exception, the prior owner may be liable if there was a dangerous condition at the time of the conveyance and the new owner did not have a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it was known. (See, Bittrolff v Ho’s Dev. Corp., 77 NY2d, supra, at 898.) Invoking this exception, the plaintiffs assert that summary judgment with respect to Robert is inappropriate because there is a factual issue as to whether the six-month period between P & L Management’s assumption of its duties as property manager of the building and Robert’s birth provided P & L Management with a reasonable time to discover the existence of lead paint in their apartment and to have it removed. I disagree.
As the Court of Appeals emphasized in Bittrolff, the exception to the general rule against the imposition of liability on a prior owner is a “narrow” one. (77 NY2d, supra, at 898.) Indeed, the few cases in which the exception has been found to apply have involved a far shorter period of time for the new owner to *972 discover the dangerous condition than the six-month period at issue in this case. (See, e.g., Slomin v Skaarland Constr. Corp., 207 AD2d 639 [3d Dept1994] [four days]; Brown v O’Connor, 193 AD2d 1088 [4th Dept 1993] [52 days]; Young v Hanson, 179 AD2d 978 [3d Dept 1992] [two months].)
Under the facts in this case, six months was more than enough time for the new owner of the premises to have discovered and removed any lead paint in the plaintiffs’ apartment. The serious health hazard posed to children by lead-based paint in older buildings in New York City is well established. The new landlord of a New York City building erected prior to 1960 should be particularly aware of and sensitive to the problem since it is potentially liable for damages arising from lead poisoning. Under the Housing Maintenance Code (Local Laws, 1982, No. 1 of City of New York [Local Law 1], adding Administrative Code of City of NY § 27-2013 [h] [1])? enacted in 1982, there is a rebuttable presumption that in any unit within a multiple dwelling erected prior to 1960 in which a child six years of age or under resides, any peeling paint or similar surface-coating material contains more than a legally allowable level of lead. In Juarez v Wavecrest Mgt. Team (88 NY2d 628, 638 [1996]), the Court of Appeals held that, under Local Law 1, a building owner who has actual or constructive notice that a child six years of age or under is living in one of its residential units is chargeable with notice of any hazardous lead condition in that unit. It is thus incumbent upon a landlord of a multiple dwelling built prior to 1960 to ascertain whether a child six years old or less is residing in its building and, if so, to inspect the apartment for lead and remove any lead found therein. In view of the owner’s potential liability under Local Law 1, a period of six months is more than a reasonable time within which a new landlord should be expected to undertake these measures. I therefore find that the exception invoked by the plaintiffs does not apply and that defendants cannot be found liable for Robert’s lead poisoning since they no longer owned or maintained the premises at the time of his initial exposure to lead paint.
Accordingly, the plaintiffs’ cross motion to serve and file an amended complaint is granted, but only to the extent that, under the first and third causes of action, it alleges injury, respectively, to Tatiana and Elida Guzman. Leave is denied with respect to the proposed second cause of action which alleges injury to Robert Baez. Robert Baez’s name is stricken from the caption of the amended pleading. In view of the fact *973 that the complaint has been so amended, the defendants’ motion to dismiss the original complaint is denied as moot.
The amended complaint in the proposed form annexed to the moving papers, minus the second cause of action and the inclusion of Robert Baez as a plaintiff, shall be served within 10 days of service of a copy of this order with notice of entry. The defendants shall have 20 days from the date of service of the amended complaint to serve an answer.
The parties shall appear before the court at room 248, 60 Centre Street, on April 13, 1998 at 10:00 a.m. for a status conference at which all outstanding discovery disputes will be resolved.