■ BRANDY CALDWELL, Individually and as Mother and Natural Guardian of CHRISTOPHER CALDWELL, an Infant, Respondent, v 302 CONVENT AVENUE HOUSING DEVELOPMENT FUND CORPORATION et al., Defendants, and CITY OF NEW YORK, Appellant. [707 NYS2d 423] —Order, Supreme Court, New York County (Emily Goodman, J.), entered January 22, 1999, which

granted plaintiffs' petition to serve a late notice of claim upon defendant City of New York, unanimously reversed, on the law, without costs, the motion denied and the complaint dismissed as against defendant City. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiffs, mother and son, brought this action against defendants 302 Convent Avenue Housing Development Fund Corporation and Charlena B. Pace (collectively, the cooperative) alleging that the infant plaintiff Christopher Caldwell sustained personal injury as the result of exposure to lead paint. The cooperative acquired the building on October 1, 1981 from defendant City of New York. At the same time, the City sold shares to the building's existing tenants, who included Cheryl Caldwell, mother of plaintiff Brandy Caldwell and grandmother of the infant plaintiff.

In October 1996, an inspection of the subject cooperative dwelling unit disclosed lead paint violations. In early November 1996, the infant plaintiff was diagnosed with lead poisoning, notice of which was given to the New York City Bureau of Lead Poisoning Control. In early 1998, the Department of Health supplied counsel for plaintiff with all records of inspections, violations and repairs, tests, and lead studies concerning the apartment.

In March 1998, plaintiffs commenced this action against the cooperative. In response to a motion by plaintiffs to enter judgment by default, the cooperative alleged a meritorious defense to the action on the ground that it never had a possessory interest in the premises, which were sold "as is" by the City, with responsibility for any maintenance and repairs falling to the cooperative lessees.

By order to show cause dated December 10, 1998, plaintiffs moved for leave to serve a late notice of claim upon defendant City of New York. Supreme Court granted the motion, ruling that infancy tolled the time during which a claim must be filed and that plaintiffs demonstrated a reasonable excuse for late filing because it was not learned that the City conveyed the premises "as is" until the cooperative submitted its opposing papers.

Plaintiffs propose to hold the City of New York liable for a hazardous condition in a building that it sold some 13 years prior to the infant plaintiff's birth on December 29, 1994 and some 15 years before he was diagnosed with lead poisoning in November 1996. While, as a general proposition, a court entertaining an application to serve a late notice of claim will

not examine the merits, the motion is appropriately denied where the claim is "patently meritless" (*Matter of Katz v Town of Bedford*, 192 AD2d 707, 708; *see also, Weiss v City of New York*, 237 AD2d 212). Liability for a hazardous condition on the premises does not extend to a prior owner, with a "narrow exception * * * where a dangerous condition existed at the time of the conveyance and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (*Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896, 898 [nine months adequate time for new owner to discover defects in premises acquired from City of New York]). While this argument is advanced for the first time on appeal, it raises a pure question of law that is apparent from the face of the record and could not have been avoided by the opposing party had it been timely raised (*Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209, lv denied 88 NY2d 811; *see also, Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 250). As a matter of law, 13 years is more than a reasonable period in which to discover and remedy the hazard represented by the presence of lead paint (*Guzman v 560 Realty Co.*, 175 Misc 2d 969 [six months]). Moreover, "the passing of title on an 'as is' basis generally extinguishes any claim for after-discovered defects or breakdowns" (*1845 Ocean Assocs. v Stein*, 87 AD2d 765, 766). Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.