In the Matter of PAGEEN M. ROBERTO, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. [850 NYS2d 914]—

In a proceeding for leave to serve late notices of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated February 2, 2007, which denied the petition.

Ordered that the order is affirmed, with one bill of costs.

In a proceeding for leave to serve a late notice of claim, a petitioner must establish (1) a reasonable excuse for the delay in serving the notice of claim, (2) that the municipality acquired actual notice of the essential facts underlying the claim within the statutory 90-day period or a reasonable time thereafter, and (3) that the delay did not substantially prejudice the municipality's defense on the merits (*see Matter of Turner v Town of Oyster Bay,* 268 AD2d 526, 527 [2000]). Here, the petitioner failed to establish that the respondents had actual notice of the essential facts underlying the claim within 90 days of the accident or a reasonable time thereafter. She also failed to establish that her delay did not substantially prejudice the respondents in their ability to defend themselves against the claim on the merits. Furthermore, we note that the claim against the respondent County of Nassau is patently meritless (*see Matter of Catherine G. v County of Essex,* 3 NY3d 175, 181 [2004]; *Caldwell v 302 Convent Ave. Hous. Dev. Fund Corp.,* 272 AD2d 112, 114 [2000]). Under these circumstances, the Supreme Court properly denied the petition. Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.