OPINION OF THE COURT
Edgar G. Walker, J.
Defendant’s motion for summary judgment, pursuant to CPLR 3212, seeking to dismiss the complaint, is denied.
Infant plaintiff alleges that she was injured as a result of exposure to lead paint in apartments owned and managed by the defendant. Infant plaintiff resided in apartment IB from her birth in September 1995 until moving into apartment 2C in December 1996. Based upon the medical records exchanged in discovery and submitted with the defendant’s moving papers, the infant plaintiff had a blood lead level of 3 pg/dl (micrograms per deciliter) in blood drawn on July 25, 1997. In November of 1999 the lead level was 1 pg/dl, and in August 2000, 4 pg/dl. On August 12, 2002, just weeks before her seventh birthday, plaintiff had a blood lead level of 9 pg/dl.[1] The lead level spiked to 15 pg/dl in November of 2002 and slowly decreased thereafter.
Defendant argues that plaintiffs complaint must be dismissed because the defendant did not have the requisite notice of the dangerous condition, i.e., deteriorated lead paint. Critical to defendant’s motion is the applicability of Local Law No. 1 (1982) of the City of New York (Administrative Code of City of NY § 27-2013 [former (h)]);[2] defendant argues that Local Law 1 is inapplicable to the facts herein and that the presumption of notice is unavailable to the plaintiff. Defendant denies actual notice and argues that plaintiffs claims based upon common-law negligence must also fail.
*313 The gravamen of defendant’s argument is that the plaintiffs blood lead level did not reach 10 pg/dl or greater until she was seven years of age and not covered under Local Law 1 which, according to the defendant, only applies to children six and under. Central to defendant’s argument is its contention, contained in counsel’s affirmation in support of the motion, that “[tjhere is no evidence of any lead exposure prior to November 2002.” As noted above, this claim is simply not supported by the record as there is ample evidence that the plaintiff was exposed to lead beginning prior to July of 1997. Presumably the defendant means that there is no evidence of a blood lead level of 10 pg/dl or greater prior to November of 2002.
Defendant argues that a blood lead level of less than 10 pg/dl is, as a matter of law, not actionable. Defendant cites Santiago v New York City Bd. of Health (8 AD3d 179 [2004]), wherein the Appellate Division, First Department, affirmed the dismissal of plaintiffs case where there was no reliable evidence that the plaintiff ever had a blood level above 3 pg/dl. In Arce v New York City Hous. Auth. (265 AD2d 281 [1999]), the Appellate Division, Second Department, dismissed the complaint after trial based upon the insufficiency of plaintiffs evidence of elevated blood lead levels. Several trial courts have specifically rejected defendant’s interpretation of Arce. (See Peri v City of New York, 8 Misc 3d 369 [2005]; Rhys v Rossi, 2009 NY Slip Op 32056[U] [2009].) In Cunningham v Spitz (218 AD2d 639 [2d Dept 1995]) the court held that a triable issue of fact existed as to whether plaintiff was injured as a result of his exposure to lead, notwithstanding the fact that his blood lead level did not fall within scientifically accepted definitions of lead poisoning. While the plaintiff does not dispute that the New York City Health Code defines lead poisoning as 10 pg/dl or higher (see 24 RCNY 11.03 [a]; 11.09), plaintiff argues that triable issues of fact exist as to whether the plaintiff has suffered an injury causally related to her exposure to lead paint in the defendant’s apartments. There is no appellate authority which compels the court to rule that a blood lead level of 9 pg/dl, which plaintiff had prior to her seventh birthday, is not actionable as a matter of law. In the absence of any such authority, that issue will be left for determination by the finder of fact.
Assuming arguendo that a plaintiff must demonstrate “lead poisoning,” as that term is defined in the Health Code, to maintain a cause of action, there is still a triable issue of fact as to whether the 15 pg/dl of lead in plaintiffs blood in November *314 2002 was a result of her exposure prior to September 2002, her seventh birthday. In opposition to the motion, plaintiff cites Guzman v 560 Realty Co. (175 Misc 2d 969 [1998]) for the proposition that the applicability of Local Law 1 is not determined based upon the child’s age at the time of the blood tests, but rather upon the age at the time of exposure. In Guzman, ownership of the building changed while the infant resided in the building. Initially, plaintiff named only the new owner as a party defendant but then sought leave to serve an amended complaint upon the original owner alleging a cause of action that accrued during that landlord’s ownership of the building, despite the fact that the first elevated blood level was not documented until several years after the change in ownership. That case is distinguishable, in that the child was still less than seven when elevated lead levels were found. However, this court agrees that it is the date of the exposure to the lead paint hazard, not the date of the testing which reveals the elevated blood lead levels, that determines the applicability of Local Law 1. It would be a matter of proof at trial whether the pre-age-seven exposure caused the post-age-seven blood lead levels.
Even were the court to agree with the defendant that the plaintiff was not entitled to the presumptions contained in Local Law 1, defendant has failed to establish a prima facie entitlement to judgment under the common-law standard as articulated in Chapman v Silber (97 NY2d 9 [2001]). Specifically with regard to notice, in viewing the record in a light most favorable to the plaintiff, there is evidence upon which the factfinder could conclude that the defendant had notice of dangerous peeling lead paint in plaintiffs apartment based upon notice of similar conditions in other apartments in the building. (See Aldrich v County of Oneida, 299 AD2d 938 [2002]; Rodriguez v Amigo, 244 AD2d 323 [1997].)
Defendant also seeks dismissal based upon an affidavit submitted in support of the motion from Dr. Walter Molofsky, a board certified neurologist, who examined the plaintiff. Dr. Molofsky alleges that he found no evidence of attention deficit hyperactivity disorder or that plaintiff suffered any injury “as a consequence of the elevated blood lead levels she evidenced for a six month period at the age of seven.” The court notes that Dr. Molofsky does not claim that the plaintiff’s documented blood lead levels prior to November 2002 could not cause injury to the plaintiff. Having found no injury to the plaintiff, Dr. Molofsky does not address the question of whether the plaintiffs *315 exposure to lead paint could have caused the injuries found by her treating physician, Dr. Sergio Sencion. In opposition to the motion, plaintiff submitted an affirmation from Dr. Sencion, who has been the plaintiffs physician since birth. Based upon plaintiffs history, blood lead levels and academic record, Dr. Sencion is of the opinion that plaintiff has suffered neurological injuries stemming from the ingestion of lead paint starting from when she was brought home from the hospital after birth and continuing through his examination on October 7, 2006. The record is clear that there is a triable issue of fact as to whether the plaintiff suffered a neurologic injury and defendant has failed to offer any evidence whatsoever that any such injury was not caused by her exposure to lead paint.

. While the report, submitted by the defendant, identifies the patient as Taisha Ramirez, for the purposes of the instant application, it is clear to the court that the report concerns the infant plaintiff herein.

. Local Law 1 created a rebuttable presumption that in any unit in a multiple dwelling erected prior to January 1, 1960 where a child six years of age or under resides, any peeling paint contains a hazardous level of lead. Defendant argues that the applicable law to be applied is Local Law No. 38 (1999) of the City of New York, which was declared unconstitutional by the Court of Appeals in Matter of New York City Coalition to End Lead Poisoning v Vallone (100 NY2d 337 [2003]). This court cannot base its decision on an unconstitutional law. The Court of Appeals specifically recognized that, by operation of law, the invalidation of Local Law 38 revived Local Law Í.